**UNITED STATES of America**

v.

**James Joseph SALOME, Jr.**

**Crim. No. 94–36.**

United States District Court,
W.D. Pennsylvania.

Dec. 13, 1994.

Margaret E. Picking, Asst. U.S. Atty., Pittsburgh, PA, Philip Urofsky, Trial Atty., U.S. Dept. of Justice, Washington, DC, for plaintiff.

Anthony P. Brooklier, Marks & Brooklier, Beverly Hills, CA, Charles J. Porter, Pittsburgh, PA, David Z. Chesnoff, Goodman &

Chesnoff, Las Vegas, NV, Joseph Abraham, El Paso, TX, for defendant.

## OPINION

DIAMOND, District Judge.

On November 8, 1994, following a ten-week jury trial, the defendant and six others were convicted of conspiracy to distribute and to possess with intent to distribute certain Schedule I and II controlled substances. Immediately following the jury verdict, this court revoked the defendant's bond pursuant to the mandatory detention provisions of 18 U.S.C. § 3143(a)(2). After the court ordered the defendant detained, the court also indicated, pursuant to a request from defense counsel, that it would entertain a motion for release by the defendant. Accordingly, on November 16, 1994, the defendant filed a "Motion for Bail/Release Pending Sentence and/or Appeal." This court conducted a hearing on defendant's motion on November 29, 1994, heard argument from counsel and took the matter under advisement. After careful consideration of the record and the controlling legal principles, the court has concluded that it must deny defendant's motion.

## I.

■ The defendant has asked the court to release him "pending sentence and/or appeal." Because defendant has been found guilty of an offense and is awaiting the imposition of sentence, the language of 18 U.S.C. § 3143 mandates that the court only consider whether defendant has met the requirements for release set forth in § 3143(a). Accordingly, at this juncture, the defendant's request for release pending appeal is untimely and will not, indeed cannot, be considered by the court.

■ Title 18 U.S.C. § 3143(a) governs the court's decision to detain or release a defendant pending sentence. In this case, the applicable subsection is § 3143(a)(2). It provides that a person who has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act and is awaiting imposition of sentence "shall ... be detained unless ... the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; ... and the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2). The presumption is in favor of detention, and it is the defendant's burden to prove by clear and convincing evidence that he is not likely to flee or pose a danger to the community. *United States v. Strong*, 775 F.2d 504, 508 (3d Cir.1985).

■ As applied, the defendant was found guilty of conspiracy to distribute and to possess with intent to distribute in excess of (1) 100 kilograms of marijuana; (2) 5 kilograms of cocaine; and (3) 50 grams of cocaine base—"an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(f)(1)(C). Thus, the court shall order the defendant detained unless there is (1) clear and convincing evidence that he is not likely to flee, (2) clear and convincing evidence that he does not pose a danger to any other person or to the community, and (3) a substantial likelihood that a motion for new trial or acquittal will be granted. *See* 18 U.S.C. § 3143(a)(2).

Even if the court assumes, as it does for convenience, without deciding, that if released the defendant would pose no risk of danger to any other person or to the community and that there are conditions which would negate any likelihood that he would flee, the court must nevertheless order that the defendant be detained unless the court also finds that there is a substantial likelihood that a motion for new trial or acquittal will be granted. Notwithstanding the fact that defendant has filed neither a motion for new trial nor a motion for acquittal at this stage of the proceedings, the instant motion sets forth the following arguments which the court will consider in deciding whether there is a substantial likelihood that a motion for new trial or acquittal will be granted:

(1) Defendant submits that there was a fatal variance between the conspiracy alleged in the indictment and the testimony offered at trial. The defendant argues that the evi-

dence adduced by the government at trial established the existence of numerous small conspiracies rather than the one large conspiracy which the government alleged in the indictment;

(2) Defendant submits that the court erred in permitting the government to introduce evidence of acts of violence purportedly committed by some of the defendant's alleged co-conspirators. Defendant argues that these acts of violence had absolutely nothing to do with him, were not done in conjunction with any acts allegedly performed by him, were not performed on his behalf or at his request, and in fact had absolutely nothing to do with him;

(3) Defendant submits that the court erred in excluding evidence concerning murders allegedly committed by government witness John Regis King, Jr. Defendant further submits that his rights to confrontation were violated by the court's ruling excluding this testimony; and,

(4) Defendant submits that the court erred in refusing to sever his case from that of his wife, Diane Salome. Defendant argues that this precluded him from introducing evidence of marital communications.

■ After careful consideration of these arguments, the court finds that none of them warrants a new trial or judgment of acquittal. As to argument (1), the defendant contends that there was a fatal variance between the conspiracy alleged in the indictment and the evidence adduced at trial. The court disagrees. At the close of the government's case-in-chief, the defense moved for judgment of acquittal based on this argument, which had been made in various forms at other times prior to and during the trial, and rejected by the court. The motion again was extensively argued. After carefully considering the applicable law and weighing all of the evidence, the court denied the motion and found that a reasonable jury, believing all of the government's evidence, could find the existence of a single conspiracy beyond a reasonable doubt. In so ruling, the court relied on, *inter alia, United States v. Padilla*, 982 F.2d 110, 114 (3d Cir.1992). The court is satisfied that its ruling was correct.

■ As to argument (3), the defendant contends that the court erred in excluding evidence concerning murders allegedly committed by government witness John Regis King, Jr. This issue was briefed on two separate occasions before and during the trial and argued orally on numerous occasions in between. The court notes that the defendants were given wide latitude in cross-examining all of the witnesses concerning acts of violence by John King and his alleged grounds for bias against the defendants. The court believes that it was well within its discretion in ruling that additional evidence of violence and bias was cumulative, more prejudicial than probative, and beyond the scope of proper impeachment under Fed. R.Evid. 608 and 609.

As to defendant's other arguments, the court carefully considered these issues when they arose during trial and believes its rulings to be correct. Accordingly, after careful review of the entire record, the court finds that there is not a substantial likelihood that a motion for acquittal or new trial will be granted in this case. Consequently, the court finds that § 3143(a)(2) requires that defendant be detained.

## II.

■ Defendant further argues that, even if he should not be released under the express terms of § 3143(a), his release would nevertheless be appropriate under 18 U.S.C. § 3145(c). Section 3145(c) provides:

(c) Appeal from a release or detention order.—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Even assuming, as we have, that defendant could prove by clear and convincing evidence that he satisfies the requirements of § 3143(a)(1) (i.e. that he would not flee or pose a danger to another person or the community if released), the court finds that the jurisdiction established by § 3145(c) is appellate jurisdiction, not original jurisdiction to act independently. Accordingly, as this court issued the defendant's detention order in the first instance, we have no authority pursuant to § 3145(c) to determine whether there are "exceptional reasons" that make defendant's detention inappropriate in this case.

The court makes this ruling notwithstanding our careful consideration of the many circuit court decisions to the contrary.[1] *See, e.g., United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (exceptional reasons provision to be applied on original application despite inclusion of provision "in a section generally covering appeals"); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir.1991); *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir.1992); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir.1992).

As noted by Judge Billings in *United States v. Bloomer*, 791 F.Supp. 100, 102 n. 1 (D.Vt.1992), these circuit court decisions, "however well-intentioned, reflect a certain circularity of reasoning."[2] We agree. Furthermore, these decisions ignore certain fundamental principles of statutory interpretation.

First, the plain language of § 3145(c) compels the conclusion that it is applicable only on appeal. The provision is entitled "Appeal from a release or detention order." The first sentence of the subsection provides: "An appeal from a release or detention order, . . . is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 28 U.S.C. § 1291 authorizes appeals only from final decisions of the district courts. In light of this language, it is illogical to postulate that a district court should apply § 3145(c)

when initially ruling on a release or detention motion.

Second, the overall structure of § 3145 belies the argument that § 3145(c) should be applied by a district court. Sections 3145(a) and 3145(b) provide for review of the conditions of a release order, or of a detention order, if the order is entered by a magistrate or "a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. §§ 3145(a) and (b). Review is provided in the court having original jurisdiction over the offense. Because § 3145(c) provides that appeal from a release or detention order is governed by § 1291, which authorizes appeals only from final decisions of the district courts, an order entered by someone other than the district court judge must be reviewed by the district judge before appeal can be taken to the court of appeals. If release or detention is ordered initially by the district court, as in this case, § 3145(c) provides for direct appeal to the courts of appeals. 15B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3918.2 at 439–40 (2d ed. 1991).

Third, there is little support for the argument that the "exceptional reasons" provision of § 3145(c) should be read in conjunction with those provisions of § 3143 that outline the general procedures by which a judicial officer determines whether a defendant should be detained or released pending sentence or appeal. If the Congress had intended to invest district courts with the discretion to determine whether "exceptional reasons" existed, this court believes it would have said so in § 3143. The fact that Congress inserted the "exceptional reasons" language in § 3145(c) indicates that they intended this discretion to be limited to the judges of the courts of appeals.

Finally, some courts have suggested that § 3145(c) is applicable to the district courts simply because the federal appellate courts are not positioned to make factual findings

---

1. The Third Circuit has not directly addressed this issue.

2. In *Bloomer*, the court expressed its concern that § 3145(c) by its very provisions applied exclusively to reviewing courts and not to the court

which initially ordered release or detention. Notwithstanding this concern, Judge Billings was required to follow the Second Circuit's ruling in *DiSomma*. *Bloomer*, 791 F.Supp. at 102.

which may required to determine whether "exceptional reasons" exist. We reject this argument. We find support for this position in *United States v. Provenzano*, 605 F.2d 85 (3d Cir.1979).[3] In *Provenzano*, the Third Circuit held that a court of appeals has a nondelegable responsibility to make an independent determination of the merits of a bail application pending the appeal of a conviction. The court grounded its ruling upon Fed.R.App.P. 9(b), which states that motions for release or modification of the conditions of bail "shall be determined promptly on such papers, affidavits, and portions of the record as the parties shall present...." In its ruling, the court noted that since Rule 9(b) "permits consideration by the court of appeals of evidence that may not have been before the trial judge," independent review by the court of appeals must have been contemplated by Congress. *Provenzano*, 605 F.2d at 93. In view of *Provenzano* and the mandate of Fed.R.App.P. 9(b), the courts of appeals have the ability, indeed the responsibility, to make independent findings in proceedings arising under the Bail Reform Act. These authorities clearly negate the inference that § 3145(c) should be applied by the district courts in the first instance because of some perceived inability of the circuit courts to make factual findings.

In light of the plain language of § 3145(c), the overall structure of § 3145, and the procedures set forth in Fed.R.App.P. 9(b), this court finds that § 3145(c) does not apply to a district court when it rules on a release or detention motion in the first instance.

### III.

■  Alternatively, even if § 3145(c) were to be applicable to district courts in the first instance, this court would find that defendant has failed to show the existence of any exceptional reasons that make his detention inappropriate.

Defendant argues that "exceptional reasons" exist in this case because: (1) his *Kotteakos* objection, if sustained, would result in a reversal of his conviction; (2) there was no evidence introduced of his involvement in violence; (3) among the defendants, he has a lesser culpability and faces a lesser term of imprisonment; (4) he is a respected member of his community and the owner of several businesses; (5) an appeal in a case of this nature takes time; and (6) he will be unable to fulfill certain familial responsibilities.

■  As defined by the Seventh Circuit, exceptional requires something "out of the ordinary" to distinguish the defendant's case from those of the other drug traffickers subject to mandatory detention. *Herrera–Soto*, 961 F.2d at 646. The court must first make a finding that all of the requirements of §§ 3143(a)(1) or 3143(b)(1), as the case may be, are met and "[o]nly then does the trial court consider the presence of exceptional circumstances making detention inappropriate." *DiSomma*, 951 F.2d at 496.

The defendant first argues, relying on *DiSomma*, that "the question concerning the sufficiency of the evidence to support the existence of a single unified conspiracy is in and of itself an exceptional reason." In *DiSomma*, the "substantial issue" at stake concerned the sufficiency of the evidence supporting the element of violence in the offense of robbery. The defendant argued that the evidence showed that he intended to rob a bank after hours without the presence of staff or customers, and that the evidence, therefore, failed to establish the element of violence. The district court, although it disagreed and denied the defendant's Rule 29 motion, permitted the defendant to be released because the appellate court "might find no basis from which to infer the necessary violence." *Id.* at 497. On appeal, the Second Circuit found that this resulted in a "most unusual factual legal situation" justifying the defendant's release because it was the very element being challenged—violence—that triggered the mandatory minimum. *Id.* at 498. In so finding, the court suggested that "an unusual legal or factual question can be sufficient" to meet the "exceptional reasons" test, or "a merely substan-

---

**3.** Although *Provenzano* was decided under the Bail Reform Act of 1966, it still represents good law as the Third Circuit reaffirmed its teachings under the Bail Reform Act of 1984. *See United States v. Delker*, 757 F.2d 1390 (3d Cir.1985).

tial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention." *Id.* at 497.[4]

Subsequent cases have, however, limited *DiSomma* to its peculiar facts. Thus, in *Herrera–Soto,* the Seventh Circuit concluded that a defendant's challenge to a jury instruction "did not go to the commission of a drug offense subjecting a defendant to mandatory detention.... There is nothing out of the ordinary about the circumstances of this case that causes this appellate issue, although arguably meritorious, to transform *Herrera–Soto's* circumstances into exceptional reasons meriting release pending appeal." *Herrera–Soto,* 961 F.2d at 647. Similarly, "typical arguments relating to ... the merits of an appeal," such as that presented by the defendant here, are insufficient to make his case exceptional. *See United States v. Koon,* 6 F.3d 561, 564 (9th Cir.1993) (Rymer, J., concurring in denial of *en banc* ).

In short, a case is not exceptional merely because a defendant's grounds for appeal, if successful, would result in reversal. Here, the defendant is raising nothing more than the generic sufficiency of the evidence argument raised by every defendant convicted of a conspiracy. This is neither remarkable nor uncommon and does not justify distinguishing the defendant from others convicted of serious drug offenses.

Next, the defendant argues that there is no evidence that he committed any violent acts in furtherance of the drug conspiracy. However, that argument does not make his case exceptional. As Judge Rymer stated, "Showing just these things [lack of danger to society, lack of risk of flight, and substantial appellate issue] cannot be exceptional. They are foundational.... Exceptional ... necessarily means more than what the typical nonviolent offender must show; and for there to be exceptional reasons in addition to meeting the conditions of release set forth in § 3143(b)(1), the violent offender [or in this case, the drug offender] has to show more

than the fact that he or she is neither a danger to the community nor likely to flee." *Koon,* 6 F.3d at 564 (Rymer, J., concurring). In this case, the defendant cannot claim to be an "exceptional" drug trafficker worthy of release merely because there is no evidence that he committed any violent acts.

Third, although counsel for the government and counsel for the defendant spoke following the trial and agreed that the evidence that had related solely to the defendant had focused on the single 300–pound marijuana delivery in August 1992, the government does not concede that the evidence limits the defendant's culpability to that transaction. To the contrary, the evidence at trial demonstrated the existence of a wide-reaching and high volume drug conspiracy. Additional testimony indicated that the defendant assured John King that his source of supply made regular trips to the northeast region of the United States and could assure a regular supply of marijuana. Given this evidence, the defendant may face a greater exposure for having foreseen that the conspiracy he was joining had the object of distributing more than the 300–pounds of marijuana he delivered in August of 1992.

Fourth, the defendant argues that his situation also is exceptional based on his "status in life." The defendant is a fifty-eight year old man with a minimal, unrelated prior criminal history. He is a respected member of his community, is the owner of several businesses, and is chairman of the board of a company that employs sixty people. The defendant also asserts that the continued viability of this company, and the jobs of sixty individuals, are in part predicated upon the defendant's ability to arrange for the continued operation of the affairs of this business. While the court accepts these facts as true, we do not believe that they rise to the level of exceptional reasons warranting release. First, although defendant may be older than the typical federal prisoner, he has presented no evidence that he suffers from any infirmity from age which might make his detention unduly harsh. Second,

---

4. However, the court did not define "exceptional reasons" or designate the factors to be considered because "the case-by-case evaluation is es-

sential" and the district judge's discretion "is constrained only by the language of the statute." *DiSomma,* 951 F.2d at 497.

the fact that defendant is well respected in his community and a successful businessman addresses the foundational elements, as discussed above, rather than the "exceptional reasons" element. Finally, the defendant's need to arrange for the continued operation of his business must be viewed in light of his absence from that business since August 29, 1994, and the fact that his brother, a partner in the business, has managed the company since that time.

Fifth, defendant argues that exceptional reasons exist based on the projected term of imprisonment he could receive compared to the amount of time which it will take to pursue an appeal of this matter to the Third Circuit. While it is true that the resolution of an appeal in this matter could take significant time, the defendant is, under the best case scenario, faced with the prospect of serving a sentence of five to six years imprisonment. Thus, there is no chance that defendant would serve even a substantial part of his term of imprisonment before the Third Circuit rendered a decision on his appeal. Furthermore, the length of time he will be incarcerated pending sentencing and/or appeal is common to all defendants and, therefore, does not qualify as exceptional. For non-drug offenders, the hardship of awaiting the resolution of post-trial motions or an appeal is recognized by the conditions for release in §§ 3143(a)(1) and (b)(1). For those defendants whose motions or appeal have a substantial likelihood of resulting in an acquittal or a new trial, the court may, in the interests of justice, release them pending that resolution. Here, however, the defendant has been convicted of a serious drug offense and, therefore, must show more than the normal hardship suffered by every other serious drug offender. Defendant has made no such showing.

Finally, defendant argues that exceptional reasons exist in this case because his parents are elderly and his ex-wife is ill with emphysema. While the court is sympathetic to defendant's concerns regarding his family re-

sponsibilities, these concerns do not rise to the level of exceptional reasons warranting release. *See United States v. Bloomer*, 791 F.Supp. 100, 102 (D.Vt.1992) (on remand) (holding that defendant's relationship to his family, aid to an unrelated family, medical condition, and employment position were "reasons similar in gravity" to those presented in "most instances in which a defendant's detention is at issue" and thus were not "exceptional" under § 3145(c)).

In summary, if this court were required to apply § 3145(c) in the first instance it would find that the reasons proffered by defendant were not exceptional and would not compel us to release him pending sentence.

## IV.

 For the reasons stated above, the defendant's motion for bail/release pending sentence and/or appeal will be denied.[5]

---

**5.** Since the court finds that defendant must be detained pursuant to 18 U.S.C. § 3143(a)(2) and that it has no authority pursuant to 18 U.S.C. § 3145(c) to rule otherwise, we reject defendant's contention that home detention may be appropriate in this case under 18 U.S.C. § 3142(c)(1)(B)(iv) because that section permits house arrest only as a condition of release, not of detention. *See United States v. Traitz*, 807 F.2d 322, 325 (3d Cir.1986).