**UNITED STATES of America**

v.

**James John NESSER, III.**

**Criminal No. 95–36.**

United States District Court, W.D. Pennsylvania.

Aug. 6, 1996.

Charles J. Porter, Brucker Zappala Schneider & Porter, Pittsburgh, PA, for defendant.

James H. Love, Asst. U.S. Atty., for U.S.

### MEMORANDUM OPINION

CINDRICH, District Judge.

Defendant James Nesser was convicted on April 19, 1996 of conspiracy to distribute drugs, conspiracy to launder money, money laundering, and engaging in illegal monetary transactions. After the trial he timely moved for judgment of acquittal or for new trial; for bail or release pending sentence; and for enforcement of a plea agreement. After a full day of argument and testimony on July 17, 1996, the court at the end of the hearing orally denied the motion for enforcement of a plea agreement. We held another half day of argument on the remaining motions on July 31, 1996. For the reasons stated below, Nesser's motion for bail or release pending sentence will be denied. His motion for judgment of acquittal or for new trial is considered in a separate memorandum opinion and order.

### MOTION FOR BAIL OR RELEASE PENDING SENTENCE

Nesser argues that bail is available to him pending sentence, and that continued incarceration is unjustified and unnecessary.

Title 18 U.S.C. § 3143(a)(2) controls this question. Detention pending sentence is mandatory for a person convicted of a drug offense which carries a maximum penalty greater than ten years. Nesser might be eligible for release nonetheless if he satisfied certain conditions. One is when "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted." *Id.* § 3143(a)(2)(A)(i). We know as a matter of fact, based on our companion decision today denying Nesser's motion for judgment of acquittal or for new trial, that Nesser does not satisfy this condition.

An exception to mandatory detention is also provided where two other conditions are met, one of which is when "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." *Id.* § 3143(a)(2)(A)(ii). Nesser likewise fails to meet this condition. *See* Government Response in Opposition to Defendant's Motion for Bail/Release Pending Sentence, Doc. No. 251, at 1. He therefore cannot be considered for bail pending sentence under section 3143(a)(2).

Nesser next argues that 18 U.S.C. § 3145(c) affords him the possibility of relief from detention, because his is an "exceptional" case. Section 3145(c) states:

An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of Title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Before we reach the question of whether Nesser's circumstances are exceptional, we must address the more immediate question of whether he is entitled to invoke section 3145(c) before this court at all.

The United States Court of Appeals for the Third Circuit has not decided the question. A view accepted by all the circuit courts of appeals that have faced the issue is that district courts may apply section 3145(c). *United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir.1993) (accepting without analysis that district court may consider exceptional reasons); *United States v. Koon,* 6 F.3d 561, 562–63 (9th Cir.1993) (Rymer, J., concurring in decision not to rehear en banc) (same); *United States v. Jones,* 979 F.2d 804 (10th Cir.1992) (per curiam) (same); *United States v. Herrera–Soto,* 961 F.2d 645, 646–47 (7th Cir.1992) (per curiam) (same); *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991) (accepting trial court's consideration of exceptional circumstances, citing *United States v. Carr,* 947 F.2d 1239 (5th Cir.1991)); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991) (per curiam) (court "see[s] no reason why Congress would have limited" exceptional reasons test "to reviewing courts.... despite its inclusion in a section generally covering appeals").[1]

On the other side of this array of appellate authority stands Judge Diamond of this court. *United States v. Salome,* 870 F.Supp. 648 (W.D.Pa.1994). In *Salome,* he carefully reviews the language of section 3145, and concludes that Congress intended section 3145(c) for the courts of appeals to apply. Citing this language, he sets out four reasons supporting his view. While all are persuasive, the first two we find conclusive. These have to do with the structure of section 3145 and the first sentence of section 3145(c).

With regard to the structure of section 3145, we observe first that section 3145 has three sections. Section 3145(a) concerns review by "the court having original jurisdiction over the offense" of an order issued by "a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court" for *release* of a defendant. Both the government and the defendant have

---

1. Nesser also cites *United States v. Thompson,* 951 F.2d 351 (6th Cir.1991), but that decision is not published.

the right to seek such review, the latter for review of the conditions of release.

Section 3145(b) concerns review under the same terms as section 3145(a) of an order that a defendant be *detained.*

This leads to section 3145(c). The first sentence of section 3145(c) provides that "[a]n *appeal* from a release or detention order, or from a decision denying revocation or amendment of such an order, *is governed by* the provisions of section 1291 of title 28 and section 3731 of this title." (Emphasis added.) Thus, after providing for "review" by "the court having original jurisdiction over· the offense" in sections 3145(a) and (b), section 3145(c) then progresses to a right to an "appeal" from a release or detention order.

Section 3145(c) then refers to 28 U.S.C. § 1291 and 18 U.S.C. § 3731. The sole purpose of title 28 U.S.C. § 1291 is to assign jurisdiction to courts of appeals "from all final decisions of the district courts of the United States" and other territorial district courts. The sole purpose of title 18 U.S.C. § 3731 is to establish, in criminal cases, when "an appeal by the United States shall lie to a court of appeals." [2] Since Congress provided that an "appeal" from a release or detention order "is governed by" these statutes, we find this an unmistakable indication that such an appeal is appropriately taken to the courts of appeals. The first sentence of section 3145(c) otherwise makes no sense; it is not logical to construe the first sentence as giving the district courts power to hear appeals (from themselves, no less) pursuant to two statutes whose purpose is to establish the scope of jurisdiction for courts of appeals. [3]

Furthermore, still confining ourselves to the language of section 3145, both sections 3145(a) and (b) contain references to judicial decisionmakers "other than a Federal appellate court." Section 3145(c) omits this language. The natural and justifiable conclusion to draw from this structure is that the

"other than a Federal appellate court" language is left out of section 3145(c) because Congress was addressing federal appellate courts in that section, and so did not need to separately distinguish them.

To further bolster these conclusions, we adopt the reasoning of *Salome* not repeated or amplified above.

We feel compelled to add that we do not lightly rule in a manner contrary to six courts of appeals. The collective weight of a legal conclusion accepted (to what degree we do not know) by at least 16 appellate judges from other circuits is more than enough to strongly counsel hesitation in following the conclusion we have reached. The fact remains, however, that the appellate opinions cited above either did not analyze the statutory language at all, or did so cursorily or conclusorily. When contrasted with these decisions, our own review of the specific statutory language, and Judge Diamond's scrutiny of the statutory language and application of rules of statutory construction, furnish a path to addressing Nesser's arguments that the appellate courts simply have not explored. Accordingly, we will not consider Nesser's "exceptional reasons" argument for bail pending appeal, finding that Congress reserved this task for the court of appeals.

Nesser's final argument regarding detention pending sentence is that detention under the Bail Reform Act does not mean incarceration as he currently is confined. While this may be so, given the jury's verdict against Nesser, the court is not inclined, and finds no grounds, to modify his conditions of detention.

---

2. Section 3731 also specifically provides that:
   An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of the person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

3. We do not believe that resort to the legislative history of section 3145 is necessary. "When interpreting a statute we look first to its plain meaning, and if the language is unambiguous no further inquiry is necessary." *Licata v. U.S. Postal Service,* 33 F.3d 259, 261 (3d Cir.1994).