Justice Breyer,
with whom Justice Stevens joins,
dissenting.
The United Kingdom seeks to extradite petitioner to Hong Kong, where he will be charged with bribery. The District Court granted petitioner’s request for a writ of habeas corpus, holding that the extradition treaty between the United States and the United Kingdom does not now permit his extradition to Hong Kong because his trial and any subsequent punishment would likely take place under the authority of the People’s Republic of China, a nation with whom the United States does not have an applicable extradition treaty. The Court of Appeals for the First Circuit reversed. Lui now asks this Court for a stay pending a petition for certiorari.
The petition for certiorari that Lui intends to file would likely raise three questions. First, the treaty with the United Kingdom of Great Britain and Northern Ireland, 28 U. S. T. 227, as amended, June 25, 1985, T. I. A. S. No. 12050 (Treaty), .grants the United Kingdom the power to seek the extradition of a fugitive offender. See Treaty, Art. I. This Court has defined “extradition” to mean “the surrender by one nation to another . . . which, being competent to try and to punish him, demands the surrender.” Terlinden v. Ames, 184 U. S. 270, 289 (1902). Since Hong Kong will revert to the People's Republic of China on July 1, 1997, and, as the Government admits, no trial could be held before that date, does the United Kingdom have the “competenfce] to try and to punish” Lui? And, if not, can it now seek his extradition?
Second, the Treaty provides that no person extradited shall “be extradited by [the requesting party] to a third State.” Treaty, Art. XII. Does this provision prohibit Lui’s extradition?
Third, under the terms of 18 U. S. C. §§3184 and 3186, does the Executive Branch have the exclusive power to interpret these provisions of the Treaty?
*1207 In essence, petitioner says that the United States intends to extradite him, not to the United Kingdom or to a crown colony of the United Kingdom, for trial, but rather to the People’s Republic of China. In my view, the papers accompanying his motion for stay raise questions about the lawfulness of doing so, at least to the point where I would issue the stay, pending a response from the Solicitor General. For that reason I dissent from the Court’s denial of petitioner’s application.