In re: **SEALED CASE.**

No. **CRIM.NO. SEALED.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 31, 2003.

### *OPINION AND ORDER DENYING DEFENDANT'S RELEASE ON BOND*

GADOLA, District Judge.

## I. BACKGROUND

Before the Court is a stipulation for Defendant's release on bond pending sentencing in this criminal case. The intended purpose of this release is to afford Defendant the opportunity to cooperate with the Government. The Court will deny release on bond because (1) Defendant's detention in this situation is mandatory, pursuant to 18 U.S.C. § 3143(a)(2), and (2) the Court lacks jurisdiction to determine whether any exceptional reasons, under 18 U.S.C. § 3145(c), merit the release of Defendant.

## II. ANALYSIS

### A. 18 U.S.C. § 3143(a)(2) Controls

Defendant's detention pending sentencing is governed by the mandatory de-

tention provisions of § 3143(a)(2). This section states:

> The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of [18 U.S.C. § 3142(f)(1) ] and is awaiting imposition or execution of sentence *be detained unless-*
>
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for *acquittal* or *new trial* will be granted; or
>
> (ii) an attorney for the Government has recommended that *no sentence of imprisonment* be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). Mandatory detention under § 3143(a)(2) is required whether a defendant was detained or released pending trial.

In this case, § 3143(a)(2) controls because Defendant has been found guilty of an offense itemized in 18 U.S.C. § 3142(f)(1)(A)-(C). Section 3142(f)(1)(B) covers offenses "for which the maximum sentence is life imprisonment or death." Section 3142(f)(1)(C) describes, *inter alia,* offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)." Here, Defendant was found guilty of (i.e., pleaded guilty to) three counts of the Indictment, including Count One: conspiracy to distribute marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. These statutory provisions are a part of the Controlled Substances Act, and, as stated in the Presentence Investigation Report, Count One carries a statutory minimum incarceration period of ten years and a maximum of life. Therefore, Defendant was found guilty of "an offense

for which the maximum sentence is life imprisonment," § 3142(f)(1)(B), and Defendant was found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," § 3142(f)(1)(C). Consequently, § 3143(a)(2) controls this detention determination.

## B.  18 U.S.C. § 3143(a)(2) Requires Detention

Section 3143(a)(2) does not give the Court discretion to release a defendant unless one of the two exceptions of § 3143(a)(2)(A) are met. Then, if one of those two exceptions is satisfied, the additional exception of § 3143(a)(2)(B) must also be met.

In this case, the two exceptions of § 3143(a)(2)(A) are not satisfied. First, there is not "a substantial likelihood that a motion for acquittal or new trial will be granted" due to Defendant's guilty plea. 18 U.S.C. § 3143(a)(2)(A)(i). Second, the Government has failed and refused to recommend "that no sentence of imprisonment be imposed" on Defendant. 18 U.S.C. § 3143(a)(2)(A)(ii).

Since neither of the exceptions in § 3143(a)(2)(A) are satisfied, the Court need not even consider the exception in § 3143(a)(2)(B). Furthermore, since the two exceptions of § 3143(a)(2)(A) are inapplicable in this case, the Court must detain Defendant under the explicit terms of § 3143(a)(2) ("The judicial officer *shall* order that a person ... *be detained.*" (emphasis added)).

## C.  This Court Lacks Jurisdiction to Apply the "Exceptional Reasons" Exception of 18 U.S.C. § 3145(c)

Since § 3143(a)(2) precludes the parties' requested relief, the parties seek to appeal the Defendant's mandatory detention un-

der the "exceptional reasons" exception of 18 U.S.C. § 3145(c).[1] Section 3145(c) states:

> An *appeal* from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of [28 U.S.C. § 1291[2]] and [18 U.S.C. § 3731.[3]] The *appeal* shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (emphasis added).

■ The parties contend that this Court has the jurisdiction to act under § 3145(c). Nonetheless, "federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir.1998). In fulfilling this obligation, the Court has determined that, contrary to the parties' contention, this Court lacks jurisdiction to issue § 3145(c) relief; Congress has mandated that the United States Courts of Appeals are the only courts with the jurisdiction to override a § 3143(a)(2) mandatory detention and order the release of a defendant because of exceptional reasons, pursuant to § 3145(c). *See United States v. Salome*, 870 F.Supp.

648, 652–53 (W.D.Pa.1994), *aff'd without opinion*, 96 F.3d 1436 (3d Cir.1996); *United States v. Nesser*, 937 F.Supp. 507, 508–09 (W.D.Pa.1996); *United States v. Young*, No. 01–50035, Docket Entry 200, at 3–5 (E.D.Mich. Nov. 19, 2002) (Gadola, J.).

There is no binding precedent on this Court on this jurisdictional issue, and the Court finds the following statutory interpretation and holding of *Salome* to be highly persuasive:

> [T]he court finds that the jurisdiction established by § 3145(c) is appellate jurisdiction, not original jurisdiction to act independently. Accordingly, as this court issued the defendant's detention order in the first instance, we have no authority pursuant to § 3145(c) to determine whether there are "exceptional reasons" that make defendant's detention inappropriate in this case.

The court makes this ruling notwithstanding our careful consideration of the many circuit court decisions to the contrary.[4] ... As noted by Judge Billings in *United States v. Bloomer*, 791 F.Supp. 100, 102 n. 1 (D.Vt.1992), these circuit court decisions, "however well-intentioned, reflect a certain circularity of reasoning." We agree. Furthermore, these decisions ignore certain fundamental principles of statutory interpretation.

First, the plain language of § 3145(c) compels the conclusion that it is applica-

---

1. Note that 18 U.S.C. § 3145(b), which allows this Court to review detention orders imposed by a magistrate judge, does not apply in this case because the magistrate judge's detention order only concerned detention pending trial; since Defendant has already pleaded guilty and is awaiting sentencing, the magistrate judge's detention order no longer has effect. Alternatively, even if § 3145(b) was somehow applicable to this situation, the Court would still be bound by § 3143(a)(2), which, as dis-

cussed *supra*, requires mandatory detention in this situation.

2. 28 U.S.C. § 1291 (courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts).

3. 18 U.S.C. § 3731 (appeal of criminal case by the United States shall lie to a court of appeals).

4. *See infra.*

ble only on appeal. The provision is entitled "Appeal from a release or detention order." The first sentence of the subsection provides: "An appeal from a release or detention order, ... is governed by the provisions of [28 U.S.C. § 1291]." [Section] 1291 authorizes appeals only from final decisions of the district courts. In light of this language, it is illogical to postulate that a district court should apply § 3145(c) when initially ruling on a release or detention motion.

Second, the overall structure of § 3145 belies the argument that § 3145(c) should be applied by a district court. Sections 3145(a) and 3145(b) provide for review of the conditions of a release order, or of a detention order, if the order is entered by a magistrate or "a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. §§ 3145(a) and (b). Review is provided in the court having original jurisdiction over the offense. Because § 3145(c) provides that appeal from a release or detention order is governed by § 1291, which authorizes appeals only from final decisions of the district courts, an order entered by someone other than the district court judge must be reviewed by the district judge before appeal can be taken to the court of appeals. If release or detention is ordered initially by the district court, as in this case, § 3145(c) provides for direct appeal to the courts of appeals. Wright, Miller & Cooper, *Federal Practice and Procedure* § 3918.2 at 439–40 (2d ed.1991).

Third, there is little support for the argument that the "exceptional reasons" provision of § 3145(c) should be read in conjunction with those provisions of § 3143 that outline the general procedures by which a judicial officer determines whether a defendant should be detained or released pending sentence or appeal. If the Congress had intended to invest district courts with the discretion to determine whether "exceptional reasons" existed, this court believes it would have said so in § 3143. The fact that Congress inserted the "exceptional reasons" language in § 3145(c) indicates that they intended this discretion to be limited to the judges of the courts of appeals.

Finally, some courts have suggested that § 3145(c) is applicable to the district courts simply because the federal appellate courts are not positioned to make factual findings which may [be] required to determine whether "exceptional reasons" exist. We reject this argument. We find support for this position in *United States v. Provenzano*, 605 F.2d 85 (3d Cir.1979). In *Provenzano*, the Third Circuit held that a court of appeals has a nondelegable responsibility to make an independent determination of the merits of a bail application pending the appeal of a conviction. The court grounded its ruling upon Fed. R.App. P. 9(b), which states that motions for release or modification of the conditions of bail "shall be determined promptly on such papers, affidavits, and portions of the record as the parties shall present...." In its ruling, the court noted that since Rule 9(b) "permits consideration by the court of appeals of evidence that may not have been before the trial judge," independent review by the court of appeals must have been contemplated by Congress. *Provenzano*, 605 F.2d at 93. In view of *Provenzano* and the mandate of Fed. R.App. P. 9(b), the courts of appeals have the ability, indeed the responsibility, to make independent findings in proceedings arising under the Bail Reform Act. These authorities clearly negate the inference that § 3145(c) should be ap-

plied by the district courts in the first instance because of some perceived inability of the circuit courts to make factual findings.

*In light of the plain language of § 3145(c), the overall structure of § 3145, and the procedures set forth in Fed. R.App. P. 9(b), this court finds that § 3145(c) does not apply to a district court when it rules on a release or detention motion in the first instance.*

*Salome,* 870 F.Supp. at 652–53 (footnotes omitted).

Recent amendments to Rule 9 of the Federal Rules of Appellate Procedure provide even greater support for *Salome's* fourth argument, which counters the contention, advanced by others and by the parties in this case, that § 3145(c) should be applicable to the district courts simply because the federal appellate courts are not equipped to make exceptional reasons determinations.

The new Rule 9(a) governs an appeal of an order regarding the release or detention of a criminal defendant before judgment of conviction (i.e., before sentencing, *see* Fed.R.Crim.P. 32(d)(1)). Rule 9(a)(1)-(2) states:

(1) The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the *factual basis* for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.

(2) After reasonable notice to the appellee, the court of appeals must promptly *determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires.* Unless the court so orders, briefs need not be filed.

Fed. R.App. P. 9(a)(1)-(2) (emphasis added).

These instructions strongly indicate that Rule 9(a) contemplates the federal appellate courts making exceptional reasons determinations under § 3145(c). This conclusion is supported by Rule 9(c), which explicitly directs the appellate courts to look to § 3145(c) in making decisions regarding release. *See* Fed. R.App. P. 9(c). This conclusion is also supported by the advisory committee notes regarding the recent amendments to Rule 9. These notes state that the "broad" language presently in Rule 9(a) was specifically added because the appellate courts now hear appeals pursuant to § 3145(c). *See* Fed. R.App. P. 9(a) advisory committee's note (1994 amendments). Thus, the contention that § 3145(c) should be applicable to the district courts simply because the federal appellate courts are not equipped to make an exceptional reasons determination is incorrect. Under Rule 9, the United States Courts of Appeals are more than sufficiently prepared to make exceptional reasons determinations pursuant to § 3145(c).[5]

Additionally, *Nesser,* which followed *Salome,* bolstered *Salome's* persuasive statutory interpretation by adding the following analysis:

[B]oth sections 3145(a) and (b) contain references to judicial decisionmakers "other than a Federal appellate court." Section 3145(c) omits this language.

---

**5.** *See also United States v. Salerno,* 481 U.S. 739, 752, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) ("The [Bail Reform] Act's review provisions, § 3145(c), provide for immediate appellate review of the detention decision.").

The natural and justifiable conclusion to draw from this structure is that the "other than a Federal appellate court" language is left out of section 3145(c) because Congress was addressing federal appellate courts in that section, and so did not need to separately distinguish them.

*Nesser,* 937 F.Supp. at 509.

In summary, the Court finds *Salome's* statutory interpretation of § 3145(c), as amplified by *Nesser* and the new version of Rule 9, to be highly persuasive and correct, and the Court holds that it lacks jurisdiction to issue relief under § 3145(c). *See* 870 F.Supp. at 652–53, 937 F.Supp. at 508–09; Fed. R.App. P. 9.

The Court so holds knowing that the weight of authority is to the contrary. Currently, five federal circuit courts have held, in published opinions, that federal district courts do have jurisdiction to issue § 3145(c) relief. These five circuit opinions, however, are easily distinguished.

In *United States v. Carr,* the Fifth Circuit reasoned that, because § 3145(c) refers to §§ 3143(a)(2) and (b)(2) and because § 3143 uses the term "judicial officer" to refer to the individuals who initially order mandatory detentions, § 3145(c)'s use of the term "judicial officer" must also refer to individuals initially ordering such mandatory detentions, i.e., individuals at the district court level. *See* 947 F.2d 1239, 1240 (5th Cir.1991). The Fifth Circuit's conclusion is incorrect. The purpose of § 3145(c)'s reference to § 3143 is not to define who the appropriate judicial officer should be; Congress addressed that issue in § 3145(c)'s clear introductory sentence stating that the appellate provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3731 govern § 3145(c) determinations. Rather, the purpose of the reference to § 3143 is to define which detainees are eligible for § 3145(c) relief and to set forth the standard for issuing § 3145(c) relief.

Similarly, in *United States v. Herrera–Soto,* the Seventh Circuit held that § 3145(c)'s term " 'judicial officer' encompasses both lower courts and courts of appeal." 961 F.2d 645, 647 (7th Cir.1992). This conclusion, like the Fifth Circuit's conclusion, fails to account for the clear instructions from Congress in § 3145(c)'s introductory sentence that the appellate provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3731 govern § 3145(c) determinations. Furthermore, as to the other three published circuit opinions on the matter, none included an independent statutory analysis. *See United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991) (following *Carr* ); *United States v. Jones,* 979 F.2d 804, 806 (10th Cir.1992) (following Carr, *Herrera–Soto DiSomma* ); *United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir.1993) (following *Carr* ). Therefore, the Court finds the so-called weight [6] of these circuit opinions much lighter than a momentary glance at a string cite to all five would otherwise suggest.

---

**6.** Given the weakness of these five circuit opinions, the Court is boggled by the inconsistent treatment of this issue in *United States v. Burnett,* in which another district court within the Sixth Circuit found *Salome* and *Nesser* to be "logical and persuasive" but opted not to follow *Salome* and *Nesser* because of the "great weight" of published circuit opinions from outside of the Sixth Circuit. 76 F.Supp.2d 846, 847–49 (E.D.Tenn.1999). *See also United States v. Devinna,* 5 F.Supp.2d

872, 873 (E.D.Cal.1998) (finding *Salome* and *Nesser* to be "persuasively reasoned" but following the "overwhelming weight" of the five circuit opinions); *United States v. Cantrell,* 888 F.Supp. 1055, 1057 (D.Nev.1995) (finding *Salome* "quite persuasive" but following the "weight of authority"). *Cf. United States v. Rodriguez,* 50 F.Supp.2d 717, 719 (N.D.Ohio 1999) (ignoring *Salome* and *Nesser* and simply following the crowd).

As for the Sixth Circuit, there is a recent opinion, *United States v. Cook*, holding that federal district courts do have jurisdiction to issue § 3145(c) relief. 42 Fed.Appx. 803, 2002 WL 1869446, at *1–2 (6th Cir.2002). Nonetheless, *Cook* is unpublished, and "[i]t is well-established law in this circuit that unpublished cases are not binding precedent." *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir.2002) (citing *Salamalekis v. Comm'r of Soc. Sec.*, 221 F.3d 828, 833 (6th Cir.2000); *Cattin v. Gen. Motors Corp.*, 955 F.2d 416, 431 n. 14 (6th Cir.1992)). *Cook* followed the five published circuit opinions on this issue and, like the Seventh Circuit, found § 3145(c)'s term "judicial officer" to include federal district court officers. 42 Fed.Appx. 803, 2002 WL 1869446, at *1–2. Again, with due respect, this conclusion runs against the clear instructions from Congress in § 3145(c)'s opening sentence that the appellate provisions of 28 U.S.C. § 1291 and 18 U.S.C. § 3731 govern § 3145(c) determinations. Therefore, as with the other circuit opinions, the Court respectfully finds the non-binding *Cook* opinion to be unpersuasive.[7]

Lastly, the Court turns the parties' policy arguments. The parties argue that forcing them to appeal the detention to the Sixth Circuit will consume too much time and will reduce the benefits of Defendant's proposed cooperation. The Court is not unsympathetic to this concern. The Court understands the importance of the proposed cooperation, and, given the parties' stipulation, the Court is willing to accept that exceptional circumstances are present here. However, such policy concerns do not justify overriding the clear jurisdictional instructions of Congress. Moreover, Rule 9(a)(3) provides a mechanism to help alleviate the concern about time delays on appeal. Rule 9(a)(3) states: "The court of appeals or *one of its judges may order the defendant's release pending the disposition of the appeal.*" Fed. R.App. P. 9(a)(3) (emphasis added). Therefore, while the parties are waiting for a panel of the Sixth Circuit to make an exceptional reasons determination under § 3145(c), the parties could secure Defendant's release from a single circuit judge. Such relief under Rule 9(a)(3) will undoubtably mitigate the adverse effects of the delay on appeal.

The Government further argues that denying § 3145(c) relief at the district court level will irreparably disrupt the guilty plea process. That is, by requiring parties to seek § 3145(c) relief at the appellate court level, the Court is creating an incentive for the Government to avoid securing guilty pleas from defendants who could assist the Government with prospective cooperation. The Government further argues that it is generally better to have detained defendants plead guilty before release because it ensures a conviction, reduces the defendant's incentive to flee, and increases the defendant's incentive to cooperate. Again, the Court is not unsympathetic to this policy concern. Nevertheless, such a concern does not justify ignoring a congressional mandate to limit exceptional reasons relief to the federal appellate courts. Furthermore, a partial solution to this predicament is for the Government, when it knows that it may want

---

7. The Court notes that *Cook* stated that "[a]lthough the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, *we are not convinced* that it is meant to be an instruction limited to the courts of appeals." 42 Fed.Appx. 803, 2002 WL 1869446, at *1. The Court urges the Sixth Circuit to reconsid-

er its holding in *Cook* before issuing a published opinion on this § 3145(c) issue; the Court hopes that a close review of § 3145(c), Rule 9, *Salome, Nesser*, and this Opinion will convince the Sixth Circuit that Congress did limit § 3145(c) determinations to the courts of appeals.

to seek a defendant's release, to still secure the guilty plea but move for the Court to take the plea under advisement. While the plea is under advisement, the defendant is still presumed innocent; and therefore, the mandatory detention provisions of § 3143(a)(2) would be inapplicable because the defendant would not be "found guilty" at that pertinent point in time. It follows that, since § 3143(a)(2) would be inapplicable, the § 3145(c) jurisdictional concern would not become an issue.

The parties' final policy argument is that, because this matter is before the Court upon a stipulation of the parties, and not merely a defendant's motion, the parties' mutual agreement should not be frustrated.[8] In support of this argument, the parties note that in *Salome* and *Nesser,* unlike the situation here, the Government opposed release. *See* 870 F.Supp. at 650, 937 F.Supp. at 507. Be that as it may, the Court cannot disregard the clear instructions of Congress: § 3143(a)(2) mandates Defendant's detention, and § 3145(c) precludes the Court from issuing exceptional reasons relief. Nowhere in § 3143(a)(2) is there an exception for situations in which the Government stipulates to a defendant's release. Amending § 3143(a)(2) to include such an exception may be in order, as may an amendment to § 3145(c) to include district court jurisdiction. However, this Court is not the legislature. This Court lacks the authority to amend the United States Code. As Justice Scalia has stated: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which

is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (Scalia, J., for a unanimous Court) (citing *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Am. Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)).

## III. CONCLUSION

The instructions of Congress in this matter are unambiguous, unequivocal, and unmistakable. Contrary to the parties' suggestion, the Court does not find any "wiggle room" in the plain text and clear meaning of 18 U.S.C. §§ 3143(a)(2) and 3145(c). Consequently, the Court is compelled to deny release on bond because (1) Defendant's detention in this situation is mandatory, pursuant to 18 U.S.C. § 3143(a)(2), and (2) the Court lacks jurisdiction to determine whether any exceptional reasons, under 18 U.S.C. § 3145(c), merit the release of Defendant.

**ACCORDINGLY, IT IS HEREBY ORDERED** that release on bond is **DENIED.**

**IT IS FURTHER ORDERED** that, for the reasons stated above, Defendant shall be **DETAINED** pending sentencing pursuant to 18 U.S.C. § 3143(a)(2).

**IT IS FURTHER ORDERED** that, because matters in the case have already been sealed by order of the Court, this Opinion and Order shall also be **SEALED.**

---

**8.** The Government makes a related argument that the words "upon motion of the attorney for the Government" within § 3142(f)(1) (which provides § 3143(a)(2)'s offense definitions) some how carves out an special exception for cases in which the Government seeks a defendant's release in the § 3143(a)(2) context. The Court disagrees. Section 3143(a)(2) cites to § 3142(f)(1)(A)-(C) only for definitional purposes. Further, § 3142 only governs, as the Government concedes, release and detention pending trial. The § 3143(a)(2) situation is a post-trial, pre-sentencing situation. Thus, beyond § 3142's definitional purpose, it is irrelevant in § 3143(a)(2) situations such as this one.

IT IS FURTHER ORDERED that an appropriate redacted copy of this Opinion and Order shall be prepared and issued to legal publishers for the purposes of publication. This redacted copy shall replace the present case caption with the words "IN RE: SEALED CASE". This redacted copy also shall omit the case number.

SO ORDERED.