**UNITED STATES of America**

v.

**Vitaly LIEBERMAN.**

**Criminal Action No. 06–96–2.**

United States District Court,
E.D. Pennsylvania.

July 27, 2007.

Jack J. McMahon, Jr., Law Office of Jack McMahon, Philadelphia, PA, for Vitaly Lieberman.

Francis C. Barbieri, Jr., U.S. Attorney's Office, Philadelphia, PA, for United States of America.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the Court is defendant Vitaly Lieberman's motion to modify his bail to permit him to travel to the People's Republic of China to undergo an experimental surgery that is unavailable in the United States (doc. no. 136). For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

On January 18, 2006, Lieberman was indicted for the armed robbery of a Check Cashing Station and Brinks Armored Car. On February 7, 2007, Lieberman appeared before Magistrate Judge Rueter, who released Lieberman on bail (doc. no. 4). The conditions of bail, which was secured by a $20,000.00 bond, included, inter alia, that: (1) Lieberman's travel is restricted to the Eastern District of Pennsylvania; (2) Lieberman may not possess a passport; and (3) Lieberman must retain his residence in Pennsylvania. (doc. no. 4).

On June 7, 2006, Lieberman pled guilty to charges of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, interference with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2, and carrying and using a firearm during and in relation to crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. As a result of his plea, Lieberman faces a maximum sentence of life imprisonment, 10 years mandatory minimum imprisonment, a five year period of supervised release, a $750,000 fine and a $300 special assessment. Although the Court could have detained Lieberman after he entered his guilty plea, upon the recommendation of the Government, and because Lieberman was cooperating with the Government, the Court released him on bail subject to the same conditions imposed by the Magistrate Judge.

During the robbery of the Check Cashing Station, Lieberman was shot by a confederate and sustained injuries to his spinal cord that left him paralyzed from the chest down and confined to a wheelchair. Lieberman claims he is unable to locate treatment within the United States to reverse his medical condition, but has located a medical facility in the People's Republic of China, the Beijing Xishan Institute for Neuroregeneration and Functional Recovery, that is willing to perform experimen-

tal surgery.[1] Lieberman now asks for a modification of the conditions of his bail, prior to sentencing, that would permit him to travel to the People's Republic of China to have the surgery.

## II. DISCUSSION

### A. *Legal Standard*

The release or detention of a criminal defendant pending his sentence is governed by 18 U.S.C. § 3143(a). Where the defendant has been found guilty of a crime of violence or a crime with a maximum punishment of life imprisonment—as is the case here—the Court must order the defendant detained unless it is shown that the defendant is likely to prevail on a motion for acquittal or new trial, or that the government had not recommended a sentence of imprisonment, and the defendant is not likely to flee or pose a threat to the community. *Id.* § 3143(a)(2).

In addition, 18 U.S.C. § 3145(c) provides that if a defendant meets the conditions of release under §§ 3143(a)(1) or (b)(1) and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate," then the defendant may be released on bail. Section 3143(a)(1), in turn allows for the release of a defendant if it is found "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released."

Section 3145(c) is styled "Appeal from a release or detention order." Based on the statute's reference to an "appeal," it is unclear whether a district court is authorized to apply the "exceptional reasons" exception set forth in 18 U.S.C. § 3145(c). A number of Circuits have held that this exception may also be applied by a district court judge in considering whether a convicted defendant should be subject to pretrial incarceration, even though it is contained within the section of the Act dealing generally with appeals from detention orders. *See U.S. v. Garcia,* 340 F.3d 1013, 1014 n. 1 (9th Cir.2003) ("the district court has authority to determine whether there are exceptional reasons"); *U.S. v. Jones,* 979 F.2d 804, 805–06 (10th Cir.1992); *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992); *U.S. v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991).

However, several district courts have held otherwise, i.e., that the "exceptional reasons" provision of § 3145(c) is only available to the appellate courts. *See U.S. v. Nesser,* 937 F.Supp. 507, 509 (W.D.Pa. 1996) (Cindrich, J.) ("we will not consider Nesser's 'exceptional reasons' argument for bail ..., finding that Congress reserved this task for the court of appeals."); *U.S. v. Salome,* 870 F.Supp. 648, 652 (W.D.Pa.1994) (Diamond, J.) ("the jurisdiction established by § 3145 is appellate jurisdiction"). *See also In re Sealed Case,* 242 F.Supp.2d 489, 491 (E.D.Mich.2003) (Gadola, J.) ("Congress has mandated that the United States Courts of Appeals are the only courts with the jurisdiction to override a § 3143(a)(2) mandatory detention and order the release of a defendant because of exceptional reasons, pursuant to § 3145(c)."); *cf. U.S. v. Bloomer,* 791 F.Supp. 100, 102 (D.Vt.1992) (Billings, J.) ("we think that § 3145(c) by its very provisions applies exclusively to reviewing courts and not to courts which initially ordered release or detention").

The Third Circuit has not addressed the issue. For purposes of this motion, the Court will assume that a district court has

---

**1.** The procedure is allegedly based on stem cell type research not available in the United States.

the power to apply the "exceptional reasons" provision of § 3145(c).

Thus, in summary, to modify the conditions of bail initially imposed upon him, Lieberman must show: (1) "clearly," that there are exceptional reasons why such conditions would not be appropriate; and (2) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Finally, if release is warranted, it must be subject to appropriate conditions.

### B. *Application*

Lieberman's proffered exceptional reasons for removing the condition that his travel be restricted is that he is a paraplegic and there is a potential treatment for him in the People's Republic of China. It is not entirely clear that Lieberman can not benefit now, or will not benefit in the future, from treatment available in the United States. Nor is it clear that Lieberman is likely to benefit from treatment in The People's Republic of China. Therefore, Lieberman has not "clearly" shown that there are "exceptional reasons" to extend his release so that he may travel to the People's Republic of China to receive medical treatment.

Moreover, as the Government has pointed out, while Lieberman has expressed an intent to return to the United States upon the completion of his treatment, he would be beyond the reach of the Court if he chose not to return, since the United States does not have an extradition treaty with the People's Republic of China. *See Lui Kin–Hong v. United States*, 520 U.S. 1206, 117 S.Ct. 1491, 137 L.Ed.2d 816 (1997). The likelihood of flight for a defendant who is facing a maximum sentence of life imprisonment would substantially increase if he was allowed to travel to a foreign country, all the more so when the United States does not have an extradition

treaty with the country. Therefore, Lieberman has not shown by clear and convincing evidence that he is not a risk of flight if he were allowed to travel the People's Republic of China.

### C. *Conclusion*

For these reasons, Lieberman's motion to modify the conditions of his bail will be denied. An appropriate order follows.

### ORDER

**AND NOW**, this **27th** day of **July, 2007**, it is hereby **ORDERED** that Defendant Vitaly Lieberman's motion to modify bail (doc. no. 143) is **DENIED**.

**AND IT IS SO ORDERED.**