**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ervin L. JONES and Chana D. Jones, Defendants–Appellants.**

**Nos. 92–3353 and 92–3354.**

United States Court of Appeals, Tenth Circuit.

Nov. 17, 1992.

Lee Thompson, U.S. Atty., D. Blair Watson, Asst. U.S. Atty., Wichita, Kan., for plaintiff-appellee.

Kenneth G. Gale, of Focht, Hughey & Calvert, Wichita, Kan., for defendant-appellant Ervin L. Jones.

Cyd Gilman, Asst. Federal Public Defender, Wichita, Kan., for defendant-appellant Chana D. Jones.

Before SEYMOUR, MOORE, and BRORBY, Circuit Judges.

PER CURIAM.

Appellants appeal the district court's orders denying their respective requests for release pending sentencing.[1] The sole issue presented on appeal is whether a district court has the authority to release a defendant pending sentencing or appeal pursuant to the "exceptional reasons" provision of 18 U.S.C. § 3145(c).

Appellants pled guilty to certain drug offenses that carried maximum penalties of forty years. Therefore, appellants were subject to the mandatory detention provisions of the Bail Reform Act. *See* 18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2), and (b)(2). Pursuant to 18 U.S.C. § 3143(a)(2), to secure their release pending sentencing, appellants had to establish by clear and convincing evidence that they were not likely to flee or pose a threat to the community if released, and either the government had to recommend that no sentence of imprisonment be imposed or the district court had to find that a motion for new trial or acquittal was likely to be granted. The district court found that neither appellant was likely to flee or pose a danger to the community if released, but that neither could

meet the other requirements of § 3143(a)(2).

Appellants argued that even if they did not meet the requirements of § 3143(a)(2), they were entitled to release pending sentencing if they made the appropriate showing of exceptional circumstances under § 3145(c). Section 3145(c), entitled "[a]ppeal from a release or detention order," provides that an appeal from a release or detention order shall be governed by 28 U.S.C. § 1291 and 18 U.S.C. § 3731 and shall be determined promptly. In 1990, the section was amended to provide further:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). Because this "exceptional reasons" provision was added to the provision concerning appeals from detention orders, some district courts, like the one here, have questioned whether they have the authority to consider exceptional reasons for release in the first instance.

In ruling on appellants' request for release, the district court expressed its belief that § 3145(c) applied to the courts of appeals and not to the district courts. Nonetheless, in the event appellants' interpretation of the law proved correct, the district court considered the circumstances cited by appellants as exceptional reasons warranting their release. The court determined that none of the circumstances cited constituted an exceptional reason for release.

On appeal, appellants do not challenge the district court's ruling that appellants failed to establish any exceptional reason for their release. Appellants argue only that the district court erroneously believed it had no authority to consider the excep-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

tional circumstances recited by appellants. We, therefore, are asked to decide only whether the district court had the authority to apply the "exceptional reasons" provision of § 3145(c) to appellants in the first instance, not whether it applied the provision to appellants correctly.

This court has never addressed directly the question whether the "exceptional reasons" provision of § 3145(c) applies to requests for release made to the district court. We have affirmed without opinion, however, a case in which the district court considered whether exceptional reasons existed for the defendant's release under § 3145(c) and concluded they did not. *United States v. Bailey*, 759 F.Supp. 685, 686–87 (D.Colo.), *aff'd*, 940 F.2d 1539 (10th Cir.1991) (table). All the other circuits that have addressed the issue have ruled that the "exceptional reasons" provision does apply to district courts. *United States v. Herrera–Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. Di-Somma*, 951 F.2d 494, 496 (2d Cir.1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (per curiam). We now join those circuits and hold that a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c).

The district court here considered the circumstances urged by appellants as exceptional reasons for their release and determined that none was an exceptional reason for release. Because appellants do not challenge the correctness of that ruling, we must affirm the district court's denial of appellants' respective requests for release pending sentencing. Therefore, the orders of the United States District Court for the District of Kansas denying appellants' release pending sentencing are AFFIRMED.[2]

The mandate shall issue forthwith.

---

2. Appellants' motions to consolidate the appeals, to supplement the record on appeal, and to seal portions of the record are GRANTED.