**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Debbie COOK, Defendant–Appellant.**

**No. 02–5775.**

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

The defendant entered a guilty plea to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). Sentencing is presently scheduled for October of 2002. The defendant moved for release on bond pending sentencing. At the change of plea hearing, the district court denied the motion on the record. The defendant appeals from that decision. The appellate briefs have been filed on an expedited basis, and the matter is otherwise ready for decision. This panel is in unanimous agreement that oral argument would not significantly aid the decisional process. Fed. R.App. P. 34(a)(2)(C); Sixth Circuit Rule 34(j)(2)(C).

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a). Subsection (a)(2) provides that a person found guilty of an offense under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed and who is awaiting imposition of sentence shall be detained unless the judicial officer reaches certain conclusions which are not applicable in this case. The parties agree that were § 3143(a)(2) the only consideration, the defendant could not be released pending sentencing. However, the defendant contends that the district court was required to consider her release under the provisions of 18 U.S.C. § 3145(c).

Section 3145, as indicated by the title "Review and appeal of a release or detention order," addresses the review or modification of orders that detain or grant release of a defendant. Subsection (c) provides that any appeal from such an order shall be determined promptly. The last sentence of the subsection contains the language at issue in this case, added by the Mandatory Detention for Offenders Convicted of Serious Crimes Act, P.L. 101–647 § 901 (1990). The statute, which creates an exception to detention for exceptional circumstances, provides:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The defendant argues that even when detention is mandated under § 3142(a)(2), the district court may exercise discretion to release the defendant pending sentencing pursuant to § 3145(c). The government asks this court to conclude that § 3145(c) applies only to appellate court

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

review of a district court order of detention.

Although the mention of exceptional circumstances appears at the close of a section otherwise devoted to review and appeal, we are not convinced that it is meant to be an instruction limited to the courts of appeals. The language provides that the necessary findings may be made by a "judicial officer," a term that is used throughout the bail statutes to refer to magistrate judges, district court judges, and judges of the courts of appeals. Most courts considering the issue have concluded that a district court is empowered to make findings regarding exceptional circumstances. *United States v. Mostrom,* 11 F.3d 93, 95 (8th Cir.1993); *United States v. Jones,* 979 F.2d 804, 806 (10th Cir.1992); *United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir.1992); *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991); *see also United States v. Burnett,* 76 F.Supp.2d 846 (E.D.Tenn.1999) (noting contrary authority, but following weight of authority). Unpublished orders of this court suggest a similar result. *See, e.g., United States v. Hill,* 47 F.3d 1171, 1995 WL 19367 (6th Cir.1995).

In light of this authority, we hold that the district judge in the instant case was not precluded from making a determination of exceptional circumstances in support of release. The defendant suggests the court concluded it had no authority to find exceptional circumstances. It is true that the district judge stated at the close of the proceedings that "I just can't find in this case that I have any discretion under the statute but to take her into custody." However, the discussion preceding that statement indicates that the parties and the district judge were considering what constituted exceptional circumstances. For instance, the district court stated that

cooperation with the government was not an exceptional circumstance, nor was the hardship to family and business associates. The district court denied release because of an absence of exceptional circumstances. In doing so, the court did not err.

Therefore, the denial of release pending sentencing hereby is AFFIRMED.