**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERNEST WAGES,

Defendant-Appellant.

No. 08-7017
(D.C. No. 6:07-cr-00071-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Ernest Wages pleaded guilty to one count of possessing child pornography

in violation of 18 U.S.C. § 2252(a)(4)(B). He appeals the district court's refusal

to grant him release on bail pending his sentencing. Because Mr. Wages has not

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

shown "exceptional reasons" for release pending sentencing, as required by the applicable statute, we affirm.

Release on bail pending sentencing is governed by 18 U.S.C. §§ 3143(a) and 3145. The "conditions set forth in section 3143(a)(1)" are met, as the magistrate judge found "by clear and convincing evidence that [Mr. Wages is] not likely to flee or pose a danger to any other person in the community." Aplt. App., Doc. 4 at 44-45. However, as Mr. Wages properly concedes, his conviction is statutorily classified as a "crime of violence" and thus initially is governed by § 3143(a)(2), which imposes a presumption of detention unless certain conditions are met. Since those conditions are not satisfied here. Mr. Wages relies on § 3145(c), which provides in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) . . . who meets the conditions set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The only question on appeal is whether Mr. Wages has shown "exceptional reasons" justifying release on bail. "[W]e review de novo the district court's determination that appellant failed to demonstrate an 'exceptional reason' justifying his release, while accepting the district court's findings of fact which support that determination, unless 'clearly erroneous.'" *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997).

"Exceptional" is defined as "being out of the ordinary: uncommon, rare." *Webster's Third New Int'l Dictionary (Unabridged)* 791 (G. & C. Merriam Co. 1976). Courts have agreed that "a case by case evaluation is essential." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (referring to "a unique combination of circumstances giving rise to situations that are out of the ordinary"); *see also United States v. Koon*, 6 F.3d 561, 564 (9th Cir. 1993) (Rymer, J., concurring); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992).

Mr. Wages relies on his (1) age (53); (2) lack of prior criminal record; (3) use of a wheelchair and need for a special mattress to avoid pain;[1] (4) limited ability to hear, "making communication impossible through the 6 b[y] 8 inch visitation window at the Muskogee County jail," Aplt. Br. at 14; and (5) need to care for his elderly mother, who also is deaf and has only a limited ability to see. He also notes that he "cannot be a threat to the community as he is not allowed on a computer" and "[i]f he were allowed to self-report, it would relieve the Marshal

---

[1]    Contrary to the representations on appeal, it does not appear that Mr. Wages is "wheelchair bound," Aplt. Br. at 4, or "confined to a wheelchair," *id.* at 13. On appeal, the government presented an affidavit from a court security officer who observed Mr. Wages, on the date of his plea hearing, walking down the handicap ramp at the federal courthouse, pushing an elderly lady in a wheelchair. After the party cleared security, Mr. Wages sat down in the wheelchair and pushed the chair down the hallway with his feet. The affidavit is supported by a DVD of the court's security-camera footage from outside the building, in the security area, and in the court hallways.

of a special transport of a very sick and feeble man." *Id.* at 15. Having considered Mr. Wages' arguments and the particular circumstances of this case, we do not find that these circumstances, either singly or in combination, constitute "exceptional reasons" requiring release pending sentencing.

Various courts have rejected the majority of Mr. Wages' asserted reasons. *See United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) (stating that lack of criminal record is not unusual); *United States v. Mellies*, 496 F. Supp. 2d 930, 937 (M.D. Tenn. 2007) (rejecting need to care for other family members); *Koon*, 6 F.3d at 564 (Rymer, J., concurring) (noting that potential danger of the community is a predicate condition of § 3143(a)(1), and thus it does not establish an "exceptional reason," at least without some degree to make it extraordinary); *United States v. Mostrom*, 11 F.3d 93, 94 (8th Cir. 1993) (rejecting the convenience to the Marshal as an "exceptional reason"). His most compelling reasons are his lack of hearing (and resultant difficulties in communicating with visitors at the jail) and need for a wheelchair. But it is a rare case in which health conditions present an "exceptional reason." *See United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (stating participation in treatment for depression was not exceptional); *Mellies*, 496 F. Supp. 2d at 936-37 (ongoing extensive dental treatment not sufficient); *United States v. Rodriguez*, 50 F. Supp. 2d 717, 722 (N.D. Ohio 1999) (stating that treatment for illness was

available in prison).  We are not persuaded that Mr. Wages' circumstances require release for the time remaining before his sentencing.

The judgment of the district court is AFFIRMED.


ENTERED FOR THE COURT
PER CURIAM