PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

TABETHA GOFORTH,

        *Defendant-Appellant.*

No. 08-4291

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Martin K. Reidinger, District Judge.
(3:07-cr-00247-MR-1)

Argued: September 26, 2008

Decided: November 21, 2008

Before KING, SHEDD, and AGEE, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Shedd wrote the opinion, in which Judge King and Judge Agee joined.

---

## COUNSEL

**ARGUED**: S. Frederick Winiker, III, Charlotte, North Carolina, for Appellant. Adam Christopher Morris, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert,

United States Attorney, Charlotte, North Carolina, for Appellee.

---

**OPINION**

SHEDD, Circuit Judge:

Tabetha Goforth was indicted for several violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. Goforth pled guilty to one count of the indictment, which carries a maximum penalty of ten years or more, and the magistrate judge concluded that detention pending sentencing was mandatory under 18 U.S.C. § 3143(a)(2). Goforth moved the district judge for review of the detention order under 18 U.S.C. § 3145, arguing that "exceptional reasons" made detention inappropriate. The district judge denied the motion, holding that a district judge is not a "judicial officer" within the meaning of § 3145(c) and therefore has no authority under the subsection to determine whether "exceptional reasons" exist. For the following reasons, we vacate the district court's order and remand for further consideration.

I

Prior to 1990, a defendant could be released pending sentencing if a judicial officer found by clear and convincing evidence that the defendant was "not likely to flee or pose a danger to the safety of any other person or the community[.]" *See* 18 U.S.C. § 3143(a) (1988)(amended 1990).[1] If the judicial officer did not make such a finding, the defendant was detained. Against this backdrop, Congress adopted the Mandatory Detention Act of 1990. That Act made detention for specified categories of offenses mandatory with three exceptions. Two of the exceptions are based on the presence of

---

[1]A district judge qualified as a "judicial officer" under the pre-1990 version of § 3143(a).

specified conditions: (1) if the judicial officer finds a substantial likelihood that a motion for acquittal or new trial will be granted, or (2) if an attorney for the government recommends no sentence of imprisonment be imposed. 18 U.S.C. § 3143(a)(2)(A). Critical to this case, the Act amended § 3145 to create a third, more general exception to mandatory detention:

> **(c) Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. *A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.*

18 U.S.C. § 3145(c) (emphasis added).

Goforth argued to the district judge that she qualified for "exceptional reasons" release under § 3145(c), but the judge held that district judges are not "judicial officers" for purposes of § 3145(c) and thus cannot make an "exceptional reasons" finding. The judge based this holding largely on the fact that the "exceptional reasons" language was located in § 3145(c), which generally governs appeals to a circuit court.[2]

---

[2]There are 3 subsections of § 3145: § 3145(a) and (b) deal with district judge review of magistrate judges' release and detention orders, and § 3145(c) generally provides for an appeal to the circuit court.

II

The interpretation of "judicial officer" as it is used in § 3145(c) involves a pure question of law which we review de novo. *Ramey v. Director, O.W.C.P.*, 326 F.3d 474, 476 (4th Cir. 2003). As with any question of statutory interpretation, "[o]ur first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). If the statute is unambiguous, "our inquiry into Congress' intent is at an end, for if the language is plain and the statutory scheme is coherent and consistent, we need not inquire further." *William v. Gonzales*, 499 F.3d 329, 333 (4th Cir. 2007)(internal citation omitted). In most instances, "[s]tatutory definitions control the meaning of statutory words." *Lawson v. Suwannee Fruit & S.S.Co.*, 336 U.S. 198, 201 (1949). Moreover, a statutory definition "excludes any meaning that is not stated." *Colautti v. Franklin*, 439 U.S. 379, 392 n.10 (1979).

A.

With these principles in mind, we turn to the text of § 3145(c), which authorizes the release of a defendant who otherwise qualifies for mandatory detention "under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." While § 3145(c) does not define "judicial officer," 18 U.S.C. § 3156(a)(1)[3] does so in plain and unambiguous terms:

> The term "judicial officer" means, unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing or pending appeal in a

---

[3]Section 3156(a) provides definitions for §§ 3141-3150.

court of the United States, and any judge of the Superior Court of the District of Columbia.

This definition unquestionably encompasses district judges.[4] A district judge thus qualifies as a "judicial officer" and possesses "exceptional reasons" authority under § 3145(c) unless another definition of "judicial officer" is "otherwise indicated."

There is no clear indication in the statute that the definition is to be applied in a manner that would exclude district judges. When Congress has altered the § 3156(a)(1) definition of "judicial officer" in other provisions within the Bail Reform Act – that is, when it has "otherwise indicated" that the term should be read differently – it has done so clearly.

For example, § 3141(b) vests authority to order release pending sentence or appeal in "a judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court." Similarly, § 3148(b) provides that when a person violates a condition of release, the person shall be brought before "a judicial officer in the district in which such person's arrest was ordered . . .[preferably before] the judicial officer who ordered the release and whose order is alleged to have been violated." In these instances, Congress has clearly altered § 3156(a)(1)'s definition of "judicial officer." In contrast, we do not find the placement of the "exceptional reasons" language within § 3145(c), by itself, sufficient to constitute the affirmative "indication" required under § 3156(a)(1) in order to render its definition of "judicial offi-

---

[4]Section 3041 states in part: "For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge, or by any chancellor, judge of a supreme or superior court, chief or first judge of the common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the offender may be found, and at the expense of the United States, be arrested and imprisoned or released as provided in chapter 207 of this title[.]"

cer" inapplicable. Accordingly, because there has been nothing to "otherwise indicate" that the § 3156(a)(1) definition of "judicial officer" does not apply, we hold that district judges unambiguously qualify as "judicial officers" under § 3145(c).

We note that our holding is in accord with every other circuit court to consider the issue. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)(per curiam); *United States v. Herrera-Soto*, 961 F.2d 645 (7th Cir. 1992)(per curiam); *United States v. Jones*, 979 F.2d 804 (10th Cir. 1992)(per curiam); *United States v. Mostrom*, 11 F.3d 93 (8th Cir. 1993)(per curiam); *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); *United States v. Lea*, 360 F.3d 401 (2nd Cir. 2004).

## B.

We would reach the same result even if we assumed arguendo that the text of § 3145(c) is ambiguous. While the general context of that section and its title may suggest that it addresses appellate judges, legislative history leads us to the conclusion that the term "judicial officer" here includes district judges. During the legislative process, an earlier version of the "exceptional reasons" amendment to § 3145(c) stated that it could be applied "by a court of appeals or a judge thereof." 136 Cong. Rec. S6, 491 (daily ed. May 17, 1990)(Section 1152 – Mandatory Detention); *see* Jonathan S. Rosen, *An Examination of the "Exceptional Reasons" Jurisprudence of the Mandatory Detention Act: Title 18 U.S.C. §§ 3143, 3145(c)*, 19 Vt. L. Rev. 19, fn.41 (1994). In the final version of the amendment, however, the language was changed to say that the determination could be made by "the judicial officer." If Congress had intended for the "exceptional reasons" authority to apply exclusively to circuit judges, it could have easily left the original language in place. The substitution of the broader term "judicial officer" indi-

cates that Congress intended to include district judges among those who could grant "exceptional reasons" relief.[5]

## C.

From a practical standpoint, our conclusion is the most logical. Exceptions to detention are inherently fact-intensive determinations which district judges are well-positioned to make at the time detention is considered. It would be surprising for Congress to create an exception to mandatory detention predicated on exceptional reasons, only to force a defendant to seek a ruling from the circuit court that such circumstances exist. Moreover, attributing this power solely to circuit judges would mean that as a practical matter, the "exceptional reasons" issue could often become moot before a judge ever had the opportunity to rule on it. While Congress is certainly able to create such an arrangement, we do not believe it has done so here.

## III

In sum, we discern no basis for concluding that Congress intended to alter the plain and unambiguous statutory definition of "judicial officer," and we therefore hold that district judges are "judicial officers" within the language of § 3145(c) and 3156(a)(1). Having concluded that a district judge is a "judicial officer" and thereby authorized to release defendants under § 3145(c) when "exceptional reasons" exist, we vacate the district court's order and remand the case to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED*

---

[5]The course of the legislative amendment process could explain why the term "judicial officer" includes district judges but is placed in § 3145(c), which generally addresses appeals to the circuit court.