RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0061p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee,*

        *v.*                                                    No. 10-5046

CHRIS CHRISTMAN,

                    *Defendant-Appellant.*

_____

Filed: March 3, 2010

Before: GUY, NORRIS, and MOORE, Circuit Judges.

_____

**ORDER**

_____

The defendant, Chris Christman, appeals an interlocutory order of the district court authorizing his detention pending sentencing. Christman asserts, and the government concurs, that the district court erred in determining that it lacked authority to consider whether Christman had established exceptional reasons under 18 U.S.C. § 3145(c) warranting his release pending sentencing. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The government charged Christman in a seventeen-count superseding indictment, also naming seven others, with conspiracy to manufacture fifty grams or more of methamphetamine (Count 1); conspiracy to possess with intent to distribute and to distribute fifty grams or more of methamphetamine (Count 2); possession of pseudoephedrine with intent to manufacture methamphetamine (Count 4); and criminal forfeiture. Over the government's objections, the district court ordered Christman released on his own recognizance. Christman subsequently entered a written plea agreement to conspiracy to manufacture five grams or more of methamphetamine (a lesser included offense of Count 1) and possession of pseudoephedrine.

1

Christman orally moved to continue his release pending sentencing. Alternatively, he moved to modify his detention so that he could continue to take classes at a local community college. The district court denied the motion, concluding that Christman was subject to mandatory detention under 18 U.S.C. § 3143(a)(2), and that it lacked authority under 18 U.S.C. § 3145(c) to consider whether Christman established exceptional reasons warranting his release pending sentencing. Christman appeals.

We review a district court's factual findings concerning release pending sentencing for clear error. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). We review de novo the district court's legal conclusions. *Id.*

A judicial officer shall order a defendant detained pending sentencing if he has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3143(a)(2). A defendant subject to detention under § 3143(a)(2) may be released if it is "clearly shown," among other things, that there are "exceptional reasons" why his detention is inappropriate. 18 U.S.C. § 3145(c).

Christman does not dispute that his guilty plea mandates his detention under § 3143(a)(2). Rather, he argues that he may be released under § 3145(c). Although we have never explicitly held in a published decision that the district court has authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of "exceptional reasons" under § 3145(c), we have reached that conclusion in an unpublished decision. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. Aug. 13, 2002) (unpublished). Given that holding, the unanimous agreement of other circuits that have considered the issue, *see id.* (collecting cases), and the government's concession of error in this case, we hold that the district court erred in not considering whether Christman established exceptional reasons to support his release pending sentencing. *See also United States v. Goforth*, 546 F.3d 712, 715 (4th Cir. 2008); *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003).

For the foregoing reasons, we **REVERSE** the district court's order and **REMAND** this appeal with directions to the district court to consider whether exceptional reasons under 18 U.S.C. § 3145(c) warrant Christman's release pending sentencing.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk