**UNITED STATES of America,
Plaintiff,**

v.

**Ralph RAUSCH, Defendant.**

**Criminal Action No. 07–cr–00497–JLK.**

United States District Court,
D. Colorado.

Sept. 28, 2010.

Virginia L. Grady, Office of the Federal Public Defender, Denver, CO, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR BOND PENDING APPEAL

KANE, Senior District Judge.

In 2007, the government seized several thousand images and videos depicting child pornography and child erotica from Defendant and charged him with possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Defendant pleaded guilty to this offense on January 31, 2008. I sentenced him to one day's incarceration with supervised parole for the remainder of his life and imposed numerous conditions on his release, including that he was to be confined to his home and that he must participate in the sex-offender treatment programs required by the Probation Office. Since Defendant suffered from end-stage renal failure and was in need of a kidney transplant, this sentence was the strongest penalty I could exact without putting his life at risk.

On March 23, 2010, the Probation Office filed a petition for issuance of a summons due to Defendant's violations of his supervised release conditions. At the petition hearing on May 13, 2010, Defendant admitted that he had violated his supervised release conditions by viewing adult pornography, failing to comply with the location monitoring requirements, and failing to comply with sex-offender treatment program requirements. I found that Defen-

dant had violated the terms of his release, and I reinstated the supervised release with modified conditions, including a requirement that he reside in a halfway house for 180 days.

The Probation Office filed another report on August 3, 2010, stating that Defendant was again in violation of his supervised release. Defendant filed a response to this report denying that he had failed to participate in the sex-offender treatment program. At the violation hearing on August 17, 2010, I found that Defendant had not complied with the sex-offender treatment condition of his supervised release, and I sentenced him to two years in prison followed by a lifetime of supervised release. Defendant filed his notice of appeal of his Judgment and Commitment Order on August 24, 2010. He then moved to be released on bond pursuant to 18 U.S.C. § 3143(b) pending that appeal. For the reasons stated below, Defendant's motion is denied.

## LEGAL STANDARDS

■ Section 3143(b)(2) of Title 18, United States Code, mandates that a defendant be detained if he has been convicted of an offense described in subparagraphs (A), (B), or (C) of § 3142(f)(1) and has been sentenced to a term of imprisonment. Subparagraph (A) of § 3142(f)(1) includes an offense that is a "crime of violence," [1] the definition of which incorporates any felony under Title 18, Chapter 110. § 3156(a)(4)(C). The possession of child pornography in violation of 18 U.S.C. § 2252A falls within Title 18, Chapter 110. It is, therefore, a "crime of violence" under § 3142(f)(1), the conviction of which requires that a defendant be detained pending appeal.

Defendant argues that, in accordance with Tenth Circuit precedent, I should apply § 3145(c) as an exception to § 3143(b)(2) and grant him bond pending resolution of his appeal. *See United States v. Jones,* 979 F.2d 804 (10th Cir. 1992).[2] Although I afford deference to

---

**1.** Defendant's Reply to Government's "Response to Motion for Bond Pending Appeal" indicates that Defendant believes his offense, in order to fall within § 3142(b)(2), must be a crime of violence "for which a maximum term of imprisonment of 10 years or more is prescribed." Reply to Government's "Response to Motion for Bond Pending Appeal" (Doc. 83) at 1. Section 3142(f)(1)(A) includes any offense that is: "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." A basic reading of the statute reveals that the "maximum term of imprisonment of 10 years or more" requirement applies only to an offense listed in § 2332b(g)(5)(B) and not to a "crime of violence." *See, e.g., United States v. Ingle,* 454 F.3d 1082, 1084 (10th Cir.2006) (applying the "crime of violence" standard without requiring that a maximum term of imprisonment of 10 years or more be prescribed and stating that § 3143(b)(2) is "applicable to a defendant found guilty of a crime of violence and sentenced to a term of imprisonment"). A

defendant must, therefore, only have to be convicted of a "crime of violence," not specifically one in which a maximum term of imprisonment of 10 years or more is prescribed, for detainment to be mandatory. Even if one reads the statute to require the "crime of violence" to be one in which a maximum term of imprisonment of 10 years or more is prescribed, Defendant's crime would still fall within the statute. Defendant's "crime of violence" is one in which a maximum term of imprisonment of 20 years or more is prescribed. § 2252A(b)(1). Regardless of how one reads § 3142(f)(1)(A), Defendant's crime fits within the offenses included in the statute.

**2.** In addition to the Tenth Circuit, each of the other seven circuits that has considered whether or not district courts have the authority to apply § 3143 has found that they do. *See United States v. Carr,* 947 F.2d 1239 (5th Cir.1991); *United States v. DiSomma,* 951 F.2d 494, (2d Cir.1991) ("*DiSomma II*"); *United States v. Herrera–Soto,* 961 F.2d 645 (7th Cir.1992); *United States v. Mostrom,* 11

relevant precedent, I must interpret the statute as it is written. Despite the Tenth Circuit's statement in *United States v. Jones,* in light of the plain meaning of § 3145(c) and other principles of statutory interpretation, I do not believe I have the discretion to permit Defendant's release pending appeal.[3] Even if, however, I did have discretion to grant Defendant's Motion for Bond Pending Appeal, Defendant has failed to show that he satisfies the requirements of § 3145(c).

### A. Applicability of § 3145(c)

■ Although eight circuits have found that the authority to permit release pending appeal pursuant to § 3145(c) extends to district courts, these courts have failed to engage in a meaningful analysis of the statutory text, instead relying on precedent without performing their own intelligent analysis. The trend began with the Fifth Circuit in *Carr.* In its determination that Congress intended district courts to apply § 3145(c), the Fifth Circuit relied on two district court cases (*United States v. DiSomma,* 769 F.Supp. 575 (S.D.N.Y.1991) and *United States v. Bailey,* 759 F.Supp. 685 (D.Colo.), *aff'd,* 940 F.2d 1539 (10th Cir.1991)), neither of which actually considered whether or not Congress intended for district courts to apply § 3145(c). In *DiSomma II,* the Second Circuit then propagated the precedential house of cards by relying on the Fifth Circuit's decision in *Carr.* 951 F.2d at 496. "This circle of decisions, however well-intentioned, re-

flects a certain circularity of reasoning inherent in the Second Circuit's decision and suggests the runic quality of § 3145(c)." *Bloomer,* 791 F.Supp. at 101 n. 1. The trend continued as the Seventh Circuit, the Tenth Circuit, the Eighth Circuit, the Ninth Circuit, and the Sixth Circuit simply relied on the inadequately reasoned decisions that came before. *Herrera–Soto,* 961 F.2d at 646; *Jones,* 979 F.2d at 806; *Mostrom,* 11 F.3d at 94; *Garcia,* 340 F.3d at 1014 n. 1; *Christman,* 596 F.3d at 870–71. "[T]he appellate opinions cited above either did not analyze the statutory language at all, or did so cursorily or conclusorily." *Nesser,* 937 F.Supp. at 509. Although in *United States v. Goforth* the Fourth Circuit deviated from this trend and provided some in-depth analysis of the text of § 3145(c), I am not persuaded by its reasoning. 546 F.3d 712 (4th Cir.2008).

In determining that § 3145(c) applies to district courts, the Fourth Circuit relied upon its holding that the term "judicial officer," as used in the statute, includes district court judges. *Goforth,* 546 F.3d at 714–16.[4] The statute defines a "judicial officer" as, "unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the Superior Court of the District of Columbia."

---

F.3d 93 (8th Cir.1993); *United States v. Garcia,* 340 F.3d 1013 (9th Cir.2003); *United States v. Goforth,* 546 F.3d 712 (4th Cir.2008); *United States v. Christman,* 596 F.3d 870 (6th Cir.2010).

**3.** Numerous other district courts have applied meaningful, in depth analysis and reached the same conclusion. *United States v. Bloomer,* 791 F.Supp. 100 (D.Vt.1992); *United States v. Salome,* 870 F.Supp. 648 (W.D.Pa.1994); *United States v. Nesser,* 937 F.Supp. 507 (W.D.Pa.1996); *In re: Sealed Case,* 242

F.Supp.2d 489 (E.D.Mich.2003); *United States v. Chen,* 257 F.Supp.2d 656 (S.D.N.Y. 2003); *United States v. Harrison,* 430 F.Supp.2d 1378 (M.D.Ga.2006); *United States v. Cochran,* 640 F.Supp.2d 934 (N.D.Ohio 2009).

**4.** The Sixth Circuit took the same stance in *United States v. Cook,* 42 Fed.Appx. 803, 804 (6th Cir.2002), and the Fifth Circuit hinted at a similar argument in *Carr,* 947 F.2d at 1240.

§ 3156(a). The Fourth Circuit asserts that "placement of the 'exceptional reasons' language within § 3145(c)" is not by itself "sufficient to constitute the affirmative 'indication' required under § 3156(a)(1) in order to render its definition of 'judicial officer' inapplicable." *Goforth*, 546 F.3d at 715. I am not persuaded by this argument. Congress clearly "indicated otherwise" by placing the provision under a heading that states: "Appeal from a release or detention order." The provision only applies, therefore, to a "judicial officer" reviewing an "appeal from a release or detention order."

■ The Fourth Circuit also argues that the legislative history of the statute supports the conclusion that Congress intended the term "judicial officer," as used in the statute, to include district court judges. *Id.* at 716 ("The substitution of the broader term 'judicial officer' indicates that Congress intended to include district judges among those who could grant 'exceptional reasons' relief."). Section 3145(c) of the Simon Act originally stated that exceptional reasons could be considered "by a court of appeals or a judge there of." 136 Cong. Rec. S6, 491 (daily ed. May 17, 1990) (Section 1152—Mandatory Detention). The language of the statute as passed by Congress, however, reads

"by the judicial officer." § 3145(c). The Fourth Circuit reaches too far in assuming that this change in language reveals an intent to extend § 3145(c) to district court judges. Congress could have substituted the language for any number of reasons. Perhaps Congress felt that the heading of the subsection made it obvious. Courts, however, should not speculate. The circuit courts' assertions regarding the significance of the term "judicial officer" are without merit.[5]

### 1. Plain Language of the Statute

Because the reasoning of the circuit courts that have considered the issue provides no assistance in interpreting the statute, I start my analysis from "the language employed by Congress" and I "may assume that the legislative purpose is expressed by the ordinary meaning of the words used." *American Tobacco Co. v. Patterson*, 456 U.S. 63, 67, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982) (internal quotations omitted). Section 3145(c) states:

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is

---

5. The Fourth Circuit raises two additional arguments, neither of which are persuasive. First, the Fourth Circuit reasons that because "attributing this power solely to circuit judges would mean that as a practical matter, the 'exceptional reasons' issue could often become moot before a judge ever had the opportunity to rule on it," Congress could not have intended to preclude a district court's exercise of discretion under § 3145(c). *Goforth*, 546 F.3d at 716. It is beyond the province of the courts "to rescue Congress from its drafting errors, and to provide for what we might think ... is the preferred result." *United States v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (Kennedy, J. concurring).

The Fourth Circuit also asserts that the exceptional reasons determination is an exercise in fact-finding, which is inappropriate for a court of appeals. Fed. Rule Appellate Procedure 9(a)(2), however, provides that "the court of appeals must promptly determine the appeal on the basis of the papers, the affidavits, and parts of the record that the parties present or the court requires." *See also United States v. Provenzano*, 605 F.2d 85 (3d Cir. 1979). Based on this language, a court of appeals has the ability to examine evidence and determine whether or not exceptional reasons exist.

clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Although the plain language of the statute is not unclear, the competing interpretations of the term "judicial officer" and disagreement over the application of the statute betray some ambiguity.[6] I must, therefore, look to the context of the statute for greater understanding.

### 2. Context of the Provision

The provision of § 3145(c) at issue follows two sentences that deal strictly with appellate courts.[7] Originally, section 3145(c) only contained the first two sentences addressing appellate courts, but it was amended in 1990 and the third sentence providing the "exceptional reasons" provision at issue here was added.[8] The addition of the provision to a subsection titled "Appeal from a release or detention order" that otherwise exclusively pertains to appellate issues demonstrates that Congress intended the provision to apply only to appellate courts, just as the rest of the subsection did prior to the 1990 amendment.

### 3. Placement of the Provision

Not only did Congress include the provision in a subsection addressing appellate courts, it placed it in a section discussing "Review and appeal of a release or detention order." Subsections (a) and (b) of § 3145 deal with review of release and detention orders by a "magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." Placing the "exceptional reasons" provision of subsection (c) in a section that addresses only the review of release and detention orders reveals that Congress did not intend for the provision to apply to courts ordering release or detention in the first instance.

If Congress had meant for district courts to apply the "exceptional reasons" provision, it could have placed it in § 3143 or at least referenced it in § 3143, but it did not. In addition, the language "other

---

**6.** Even after the Tenth Circuit's holding in *Jones*, 979 F.2d 804, a District of Colorado Court has explicitly declined to apply § 3145(c). *U.S. v. Lavallee*, 269 F.Supp.2d 1297, 1303 (D.Colo.2003) ("I decline Defendant Schultz's request to be released pursuant to the provisions of 18 U.S.C. § 3145(c). I find this section to be inapplicable as it applies to appeal from a release order, which is not at issue here."). Numerous other District Courts in the Tenth Circuit have, perhaps inadvertently, not applied the exceptional reasons provision of § 3145(c). *See United States v. Wilson*, 913 F.Supp. 1446, 1449 n. 2 (D.Kan.1995) (declining to apply 3145(c), because Defendant did not argue that his release was appropriate under it); *United States v. Carter*, No. 02–40090–01–SAC, 2003 WL 21672830 (D.Kan. June 5, 2003) (finding that Defendant must be detained under § 3143(a)(2) without considering exceptional reasons provision of § 3145(c)); *United States v. Barlow*, No. 2:07–CR–504 TS, 2009 WL 799655, at *1 (D.Utah Mar. 24, 2009) (same);

*United States v. Perea*, No. CR 09–1034 JB, 2010 WL 2292419, at *12–13 (D.N.M. May 24, 2010) (same).

**7.** The first states: "An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title." Section 1291 of title 28 assigns jurisdiction to courts of appeals "from all final decisions of the district courts of the United States," while 18 U.S.C. § 3731 establishes jurisdiction in a court of appeals for criminal case appeals. The second sentence of § 3145(c) states that "[t]he appeal shall be determined promptly," which is obviously a mandate to courts of appeals.

**8.** The "exceptional reasons" provision of § 3145(c) was adopted at the same time as the mandatory detention provisions of § 3143, making its placement "especially telling." *Chen*, 257 F.Supp.2d at 661.

than a Federal appellate court" found in subsections (a) and (b) is omitted from subsection (c). "The natural and justifiable conclusion to draw from this structure is that the 'other than a Federal appellate court' language [was] left out of section 3145(c) because Congress was addressing federal appellate courts in that section, and so did not need to separately distinguish them." *Nesser*, 937 F.Supp. at 509.

### 4. Holistic Interpretation and Legislative History

■ "Every part of a statute must be viewed in connection with the whole so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each, for it is not to be presumed that the legislature intended any part of a statute to be without a meaning." *General Motors Acceptance Corp. v. Whisnant*, 387 F.2d 774, 778 (5th Cir.1968). Senator Simon, the author of the revisions to § 3143, stated, regarding the purpose of the provision, that "[t]here is simply no reason that an individual convicted of a violent crime or serious drug trafficking offense should be back on the street. . . ." 135 Cong. Rec. S7, 511 (daily ed. Nov. 7, 1989). Senator Simon's unambiguous intent was for § 3143 to be given full effect and for these individuals to be detained, without exception. Accordingly, § 3143(b)(2) is a mandatory provision stating that a defendant "shall" be detained. If § 3145 is read as an exception to § 3143, § 3143(b)(2) loses its independent effect and district courts would be free to eschew the mandatory detention provisions of § 3143.

### 5. Clues From Other Statutes

The Federal Rules of Appellate Procedure provide greater insight into the intent of Congress. Fed. R.App. P. 9(c) provides that the court of appeal must make its decision "in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c)." Fed.R.Crim.P. 46(c), on the other hand, states that "[t]he provisions of 18 U.S.C. §§ 3143 govern release pending sentencing or appeal" in district courts. Rule 46(c) was amended in 2002, after the third sentence was added to § 3145(c) in 1990. If Congress meant for this provision to be applied by the district courts, it could have easily included § 3145 in Rule 46(c) along with § 3143.

Congress did not, however, intend for district courts to apply § 3145(c) as an exception to § 3143(b)(2). The context and placement of the provision prove that Congress instead intended for courts of appeals to have sole authority under the statute. If district courts were to apply § 3145(c), the mandatory language of § 3143(b)(2) would be eviscerated. In addition, Congress has had the opportunity to clarify the application of § 3145, and it has clearly stated that district courts are only to consider § 3143 in determining whether a defendant should be released pending sentencing or appeal. Fed. R.Crim.P. 46(c) directs district courts to evaluate a motion for bond pending sentencing or appeal under § 3143, and § 3143 provides for mandatory detainment of certain defendants without pointing the court in the direction of a single exception. Section 3145 is simply a safety valve for appellate courts to apply when defendants present exceptional reasons making detainment inappropriate.

### B. Analysis Under 18 U.S.C. § 3145(c)

Defendant has been convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and must consequently be detained under § 3143(b)(2). Even if this Court had the authority to consider § 3145(c) as an exception to § 3143(b)(2), Defendant would still have to be detained, because he has failed to show that his circumstances satisfy the requirements of § 3145(c).

■ Section 3145(c) provides that, even if § 3143(b)(2) requires that a defendant be detained, the defendant may be released if he shows that his release fulfills the requirements of § 3143(b)(1) and shows "exceptional reasons" why his detention would not be appropriate. Section 3143(b)(1) requires that a judicial officer find:

> (A) by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .; and
>
> (B) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In addition to the § 3143(b)(1) requirements, a defendant must show "exceptional reasons why [his] detention would not be appropriate." § 3145(c). A case by case evaluation of the circumstances is necessary to determine if "exceptional reasons" exist. *United States v. Wages*, 271 Fed. Appx. 726, 727 (10th Cir.2008) (*quoting United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991)).

### 1. Not Likely to Flee or Pose a Danger to Any Other Person or the Community

■ Defendant must first show by clear and convincing evidence that he will not flee or pose a danger to the community. Defendant argues that he cannot flee or pose a danger to the community due to his medical disabilities. Motion for Bond Pending Appeal (Doc. 75) at ¶ 16. He specifically claims that his need for dialysis four days a week prevents him from flee-ing or posing a threat. *Id.* He also notes that, in order to undergo dialysis, he has moved around the community every week without objection by any party in the community. Reply to Government's "Response to Motion for Bond Pending Appeal" (Doc. 83) at 2.

Defendant's assertions, however, are insufficient to overcome my previous finding that he poses a risk to the community. Based on the evidence presented during the Supervised Release Violation Hearing, I found that Defendant poses a danger to the community and is at a "medium to medium-high risk for future violations." Transcript of Aug. 17, 2010 Supervised Release Violation Hearing (Doc. 72) at 192. Specifically, I noted that Defendant persisted in his belief that he was not a pedophile; he refused to acknowledge the harm that his crime caused; and his Abel Assessment test results showed that he maintained a sexual interest in grade-school and preschool aged girls. *Id.* at 49. Furthermore, Defendant's counselor and entire containment team represented that Defendant needed a level of containment such as that provided by the halfway house in order to mitigate the risk he poses to the community. *Id.* at 96. Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Accordingly, I find that he does not satisfy § 3143(b)(1)(A).

### 2. Appeal is Not for the Purpose of Delay and Raises a Substantial Question

■ Even if Defendant showed that his circumstances fulfill the requirements of § 3143(b)(1)(A), he fails to satisfy his burden under § 3143(b)(1)(B). In determining whether or not the appeal raises a substantial question, the Tenth Circuit has adopted the two-step test set forth in *United States v. Miller*, 753 F.2d 19, 24

(3d Cir.1985). The test requires that the court first decide whether the appeal raises a "substantial question" of law or fact. If the court finds in the affirmative, it must then determine whether the appeal will likely "result in reversal or an order for a new trial of all counts on which imprisonment has been imposed" if the "substantial question" is decided in defendant's favor.[9] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir.1985) (*citing Miller*, 753 F.2d at 24). "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way."[10] *Affleck*, 765 F.2d at 952 (*quoting United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

### a. Right to Allocution under Fed.R.Crim.P. 32.1

Defendant claims that he was denied his right to allocution under Fed.R.Crim.P. 32.1,[11] and that he will likely be resentenced as a result. Motion for Bond Pending Appeal (Doc. 75) at ¶ 18. Rule 32.1, governing the revocation or modification of probation or supervised release, provides that a defendant is entitled to "an opportunity to make a statement" at his revocation hearing. Defendant was given this opportunity at his hearing on August 17, 2010. I specifically addressed him and spoke to him about the effort he had put forth, his cognitive impairment, and his sentence.

Transcript of Aug. 17, 2010 Supervised Release Violation Hearing (Doc. 72) at 191–93. He was represented by counsel, who should have explicitly informed him that he had the opportunity to take the stand or make a statement. His counsel was also given the opportunity to and did make numerous statements on Defendant's behalf. *See, e.g., id.* at 182 ("The Court: All right. Do you have any testimony you want to present, Ms. Grady? Ms. Grady: I do not, Your Honor. I hope that the Court will accept the exhibits that I've presented"), 185–90, 198–200. Furthermore, Defendant's counsel did not object or raise the issue at the proceedings. *Id.* at 200. Defendant was not denied his right to allocution, and his appeal, therefore, does not raise a "substantial question."

### b. The Government's Fed.R.Crim.P. 32.1 Argument

The Tenth Circuit has not ruled on whether personal allocution is required under Rule 32.1 (at modification of probation or supervised release hearings) as it does under Rule 32 (at sentencing and judgement). Other circuits are divided on this issue. Some have found that a defendant has a right to allocution before a sentencing that follows revocation of probation or supervised release just as they do under Rule 32. *See United States v. Carruth*, 528 F.3d 845, 846–47 (11th Cir.2008); *United States v. Pitre*, 504 F.3d 657, 661–62 (7th Cir.2007). The government refutes the reasoning of these circuits, however,

---

9. The Tenth Circuit adopted this standard for defendants appealing their judgment or sentencing and not specifically for defendants appealing a revocation of supervised release.

10. The Tenth Circuit decided to apply a stricter interpretation of "substantial question" than that applied in *Miller*. *Affleck*, 765 F.2d at 952.

11. In Defendant's Motion for Bond Pending Appeal, he claimed that his right to allocution

was violated under Fed.R.Crim.P. 32. Motion for Bond Pending Appeal (Doc. 75) ¶ 18. In his Reply, he appears to agree with the government that the case falls under Fed. R.Crim.P. 32.1. Reply to Government's "Response to Motion for Bond Pending Appeal" (Doc. 83) at 4. Since Rule 32.1 clearly applies to "Revoking or Modifying Probation or Supervised Release," it forms the basis of my analysis of Defendant's claim.

by pointing to the difference in the language used in Rule 32 and Rule 32.1. *See United States v. Robertson,* 537 F.3d 859, 862 (8th Cir.2008). Rule 32 governs sentencing and judgment and requires the court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The language of Rule 32. 1, unlike that of Rule 32, only entitles the defendant to "an opportunity to make a statement." It does not specifically require that the court personally address the defendant and permit him to speak. The government argues that this difference in language means the Rule 32.1 standard is met if a court, during a revocation or modification of probation or supervised release hearing, addresses a plaintiff's counsel and permits his counsel to speak. Response to Motion for Bond Pending Appeal (Doc. 77) at 6.

I need not address the merits of the government's argument, because the opportunity for allocution with which Defendant was provided at his August 17th Supervised Release Violation Hearing satisfies the Rule 32 standard. Defendant and his counsel were both personally addressed and permitted to speak.

### c. *Sentence Reduction*

Even if the Tenth Circuit holds that Defendant was denied his right to allocution, the Court would merely vacate Defendant's sentence and remand for re-sentencing. To satisfy § 3143(b)(1)(B), Defendant must also show that if his appeal is granted it will likely result in "(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." § 3143(b)(1)(B). A successful appeal could not achieve: "(i) reversal, (ii) an order for a new trial, [or] (iii) a

sentence that does not include a term of imprisonment." In order to fulfill § 3143(b)(1)(B), Defendant must consequently show that a successful appeal would lead to his sentence being reduced to less than the time it will take him to complete his appeal.

Defendant has not presented any evidence of how long his appeal may take nor provided concrete reasons why his sentence will be reduced. He vaguely asserts that his appeal will result in a reduced sentence, because no court would impose a two-year sentence upon hearing from Defendant. Motion for Bond Pending Appeal (Doc. 75) at ¶ 19. He also states that he plans to appeal the procedural and substantive reasonableness of a 24–month sentence. Reply to Government's "Response to Motion for Bond Pending Appeal" (Doc. 83) at 4. The questionable assertions that no court would impose a two-year sentence upon hearing from Defendant and that his sentence is not procedurally and substantively reasonable are not sufficient to fulfill the requirements of § 3143(b)(1)(B). Defendant has not shown that his appeal raises a "substantial question" that will result in a sentence that is less than the expected duration of the appeals process. In fact, it is unlikely that a successful appeal for Defendant would result in a reduced sentence amounting to less than the duration of his appeal process. He has, therefore, failed to satisfy the requirements of § 3143(b)(1)(B).

### 3. *Exceptional Reasons*

Finally, even if the § 3145(c) exception applied and Defendant had met his burden under § 3143(b)(1) and (b)(2), he fails to establish that there are exceptional reasons that make his detainment inappropriate. A court must evaluate on a case by case basis whether or not there exist "exceptional reasons" making detainment of an individual inappropriate. *Wages,* 271 Fed.Appx. at 727 (*citing DiSomma,* 951

F.2d at 497). In this case, Defendant has severe medical disabilities and is in need of a kidney transplant. The Tenth Circuit has stated, however, that: "it is a rare case in which health conditions present an 'exceptional reason.' " *Id.* The Court held in *Wages* that limited ability to hear and confinement to a wheelchair were not "exceptional reasons" qualifying the defendant for release. 271 Fed.Appx. at 728. Defendant's case may be one of the rare ones in which health conditions present an "exceptional reason," but Defendant's sentence includes provisions that prevent his detainment from being inappropriate.

On pronouncing Defendant's sentence, I strongly recommended that the Bureau of Prisons permit a furlough for Defendant to receive a kidney transplant at the University of Colorado Health Sciences Center and any furlough necessary for proper recovery and follow-up treatment.[12] Transcript of Aug. 17, 2010 Supervised Release Violation Hearing (Doc. 72) at 198. I also required that the Bureau of Prisons provide me with a treatment plan for Defendant before removing him from the halfway house. *Id.* Under these conditions, no exceptional reasons exist, and Defendant's confinement is not inappropriate.

## CONCLUSION

Defendant has been convicted of a crime of violence, and he must be detained in accordance with § 3143(b)(2). Despite Defendant's argument to the contrary, I do not have authority under § 3145(c) to grant Defendant's Motion for Bond Pending Appeal. Even if § I could apply 3145(c) as an exception to § 3143(b)(2), Defendant has not satisfied the § 3145(c) requirements. He is still a danger to the community; his appeal does not raise a substantial question; and his detention is not inappropriate. He must, therefore, be detained under § 3143(b)(2). Defendant's Motion for Bond Pending Appeal (Doc. 75) is denied.[13]

---

12. In Defendant's original sentencing order, I found that "it is not predictable that [Defendant] would remain on the [transplant] list if placed in the custody of the Bureau of Prisons." *United States v. Rausch,* 570 F.Supp.2d 1295, 1303 (D.Colo.2008). Since this order, Defendant has presented no evidence showing that he will be removed from the transplant list upon incarceration. Along with his response to the Probation Office's assertion that he failed to participate in sex-offender treatment, Defendant submitted a letter from the transplant coordinator at University of Colorado Hospital. The letter stated that Defendant is now first in line for a kidney of his type, but it did not address whether or not

Defendant would be allowed to remain on the transplant list while incarcerated. Because Defendant did not present evidence showing that incarceration will prevent him from remaining on the transplant list, I cannot take his possible removal from the list into consideration in determining whether or not his detainment is inappropriate.

13. Defendant's Motion for Order for Prompt Ruling on his Motion for Bond Pending Appeal and his Motion for Stay of Transportation Pending Such Ruling (Doc. 89) is denied as moot.